Opinion by
 

 Packel, J.,
 

 This case raises the issue of the validity of a search claimed to be incident to an arrest for a misdemeanor.
 
 [1]
 
 “Search incidental to arrest” is the usual expression appearing in opinions and the literature notwithstanding the inherent ambiguity of the phrase. Is a search incident to an arrest because it is contemporaneous with the arrest or because it has some other relationship to the arrest? Courts have failed to recognize the distinction
 
 [2]
 
 and to give due consideration to the facts
 
 *181
 
 and the underlying reason for allowing the search of the arrestee.
 
 [3]
 

 On the night of appellant’s arrest three police officers were conducting a surveillance of a tavern reputed to be a center of narcotics activity. One of the arresting officers testified that appellant arrived by car and began to converse with
 
 “some
 
 very known narcotics users in the area.” At this time the officers approached two boys waiting in the car, and one officer climbed into the back seat. The officer testified that when appellant returned twenty minutes later he was holding his left sweater pocket. As the appellant entered the car he noticed the stranger in the back seat and tried to get out again, at which time the police announced themselves. The officer testified that the appellant then became loud, and demanded to know what was going on and that some people began to gather around. He was thereupon arrested for disorderly conduct and a search of his left sweater pocket disclosed one glassine bag of narcotics. He was never formally charged with the disorderly conduct offense.
 

 These facts cast doubt upon the good faith of the arresting officers in making the misdemeanor arrest. It is well settled that an arrest may not be used as a pretext to search for evidence of other crimes.
 
 United States v. Lefkowitz,
 
 285 U.S. 452, 52 S. Ct. 420 (1932). When the arrest is merely a subterfuge for conducting a search, the search is illegal in spite of the validity of the arrest.
 
 Amador-Gonzales v. United States,
 
 391 F. 2d 308 (5th Cir. 1968). It is unnecessary, however,
 
 *182
 
 to decide this case upon the subjective test of pretext because it is clearer and probably more desirable to base the result upon the limited scope of search in conjunction with an arrest for a minor offense. A similar approach was recommended by Wisdom, J., in
 
 Amador-Gonzales, supra,
 
 at 315, as follows: “We will have fewer unconstitutional searches, if the emphasis is on the objective relationship between the nature of the offense and the nature (circumstances) of the search, rather than on the motivative cause of the arrest.”
 

 The American Law Institute
 
 [4]
 
 has very recently proposed the following exclusive permissible purposes of a search incident to an arrest: “(a) to effect the arrest with all practicable safety of the officer, the arrested individual, and others; (b) to furnish appropriate custodial care, if the arrested individual is jailed; or (c) to obtain evidence of the commission of the offense for which the individual is arrested or to seize contraband, the fruits of crime, or other things criminally possessed or used in connection with the offense.” It has also proposed that a search incident to arrest for minor offenses which involve no unlawful possession or violent, or intentionally or recklessly dangerous conduct is not warranted except for a search for dangerous weapons under appropriate circumstances.
 
 [5]
 
 These recommendations are in accord with traditional justifications for a search incident to arrest.
 
 Preston v. United States,
 
 376 U.S. 364, 84 S. Ct. 881 (1964);
 
 Chimel v. California,
 
 395 U.S. 752, 89 S. Ct. 2034 (1969). As to the limited scope of search with respect to minor offenses, the issue usually arises in the context of arrests for traffic violations, as to which there appears to be general uniformity.
 
 [6]
 

 Commonwealth v. Dussell,
 
 439 Pa. 392, 266
 
 *183
 
 A. 2d 659 (1970);
 
 Commonwealth v. Lewis,
 
 442 Pa. 98, 275 A. 2d 51 (1971).
 

 In a nontraffic case and one involving a minor offense comparable to the instant case, this Court in
 
 Commonwealth v. Dial,
 
 218 Pa. Superior Ct. 248, 257, 276 A. 2d 314, 319 (1971),
 
 rev’d on other grounds,
 
 445 Pa. 251, 285 A. 2d 125 (1971) concluded: “Clearly there are no fruits of the crime of loitering and prowling and no effort was made to show that any instruments or implements were sought. It follows that the only permissible warrantless search permitted in this case was a protective search for weapons.” In that case the arresting officer felt a bulge during the frisk which could have been a weapon but in fact was a bottle of pills and a hypodermic needle, and, therefore, the evidence was not suppressed. In the instant case, it is inconceivable that one glassine bag of narcotics could have felt like a weapon. Furthermore, the record does not even indicate a preliminary pat-down of appellant’s clothing prior to the invasion of his pocket.
 

 The “stop and frisk” cases have as their paramount consideration the safety of the arresting officer. Those cases make it clear that the scope of the frisk must be clearly related to that paramount consideration.
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S. Ct. 1868 (1968);
 
 Sibron v. New York,
 
 392 U.S. 40, 88 S. Ct. 1889 (1968).
 
 [7]
 
 The search and seizure in the instant case in no way related to the safety of the officer nor to the recovery of fruits of the offense. Therefore, the court below should have suppressed the illegally obtained evidence.
 

 
 *184
 
 The judgment of sentence for tbe possession of narcotic drugs is reversed. The judgment of sentence for assault and battery is affirmed.
 

 Weight, P. J., Watkins and Ceecone, JJ., dissent from the reversal.
 

 [1]
 

 The appellant was convicted of possession of narcotic drugs and of an assault and battery in a totally unrelated transaction. We affirm the conviction for assault and battery because appellant’s contention that the Commonwealth failed to prove the requisite criminal intent is without merit. His objection to the consolidation of the offenses at trial may not be raised for the first time on appeal.
 

 [2]
 

 “In view of the almost total lack of articulated conceptual underpinnings for the search incident to arrest — a lack surely due to its taken-for-granted character for centuries past — the Code seeks to specify the permissible purposes.” American Law Institute, A Model Code of Pre-Arraignment Procedure, Proposed Official Draft No. 1, p. 184.
 

 [3]
 

 “The idea that a warrantless search incident to a lawful arrest always satisfies the Fourth Amendment’s requirement of reasonableness has become a virtual shibboleth, unthinkingly repeated by the eourts. But it is a shibboleth without adequate foundation in reason, and it is time that it be reexamined.” Wright, J., dissenting in
 
 Worthy v. United States,
 
 409 F. 2d 1105, 1112 (D.C. Cir. 1968).
 

 [4]
 

 Supra,
 
 note 1 at §230.1, p. 51.
 

 [5]
 

 Id.
 
 at §230.2, pp. 52-3.
 

 [6]
 

 “Wé are in complete agreement with the prevailing federal and state authority which condemns the search of persons and au
 
 *183
 
 tomobiles following routine traffic violations. Such searches can only be justified in exceptional, on the spot circumstances which rise to the dignity of probable cause.”
 
 United States v. Humphrey,
 
 409 F. 2d 1055, 1058 (10th Oir. 1969).
 

 [7]
 

 Note, Scope Limitations for Searches Incident to Arrest, 78 Yale L.J. 433 (1969).