Commonwealth *v.* Tenney, Appellant.

Submitted April 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

338

Before Toothman, P. J.

*Richard Peter Krill,* Public Defender, for appellant.

*C. Robert McCall,* Assistant District Attorney, and *W. Bertram Waychoff,* District Attorney, for Commonwealth, appellee.

Opinion by Spaeth, J., April 3, 1974:

On February 23, 1972, the Mt. Morris Supermarket, a self-service market close to the Pennsylvania-West Virginia boundary, was robbed by two masked men with hand guns. The men arrived and fled in a 1962 blue and white Dodge sedan with a Florida license plate. In their flight they headed south, in the direction of Morgantown, West Virginia.

Pennsylvania police put out an all-points bulletin describing the men in general terms and the car as it has been described here. This bulletin was relayed to the Morgantown police. On the morning of February 26, a service station attendant served a car meeting this description and called the Morgantown police. The police, upon arriving at the service station, arrested appellant, who was alone in the car, for several motor vehicle violations (driving without an operator's license, without a registration, and under the influence of alcohol); they did not arrest him for the robbery. He was taken to jail, and the car was driven to the

police parking lot. There a routine search of the car to determine its ownership was made and a glove containing $460.00 was found in the glove compartment. No warrant was obtained prior to this search.

The Pennsylvania state police were notified that the car they sought was in police custody.[1] They went to Morgantown, obtained a search warrant for the car, searched it, and discovered the money, which the Morgantown police had replaced. Appellant was arrested for the robbery, waived extradition to Pennsylvania,[2] and at a trial by jury was convicted.

Appellant claims that the discovery of the money by the Morgantown police was the fruit of an illegal "pretext arrest," and the money should therefore have been excluded from evidence at his trial. We find no error and affirm..

The term "pretext arrest" is used to describe an arrest made only to conduct a search without a warrant. "When the arrest is merely a subterfuge for conducting a search, the search is illegal in spite of the validity of the arrest. Amador-Gonzales v. United States, 391 F. 2d 308 (5th Cir. 1968)." *Commonwealth v. Freeman*, 222 Pa. Superior Ct. 178, 181, 293 A. 2d 94, 95 (1972). Here there is no basis to say that the Morgantown police acted in bad faith. They knew that the car was sought by the Pennsylvania police. It had an out of state license plate, and the driver could pro-

---

[1] It is not clear from the record whether they were told about the money that was found or just about the car. For purposes of this opinion we shall assume that they were told about both.

[2] The able opinion of the court below contains one minor inaccuracy by way of *dictum* when it states that when appellant waived extradition to Pennsylvania he also waived any right to challenge the legality of the West Virginia searches. Since he could not have raised that issue prior to extradition, it would be unfair to say that he waived his right to raise it now. *See Commonwealth ex rel. Colcough v. Aytch*, 227 Pa. Superior Ct. 527, 323 A. 2d 359 (1974).

duce nothing to indicate that he was legitimately driving it. The search at the police station was limited to the glove compartment, where they found a bill of sale to appellant, and articles in plain view on the back seat. Areas such as the trunk and under the seats, prime targets of search in a pretext arrest, were not searched at all. Generally, the fruit of a pretext arrest is something such as narcotics or a firearm, the mere possession of which is a crime. The policeman arrests for an unrelated offense, such as disorderly conduct or running a red light, then searches the car and driver, and finds the narcotics he was really after all along. The arrest here fits no such pattern.

Whether the Pennsylvania State police knew that the money had already been discovered is irrelevant. There is no contention that appellant was not legally arrested by the West Virginia authorities. When the Pennsylvania police were notified that a man driving a car that met the description of the getaway car had been arrested, they had independent probable cause to get a warrant to search the impounded vehicle, which is what they did. The intervening actions by the West Virginia police and the fact that they did not say to appellant, "You are under arrest for robbery," did nothing either to taint the later search by the Pennsylvania police, or otherwise to prejudice appellant's constitutional rights.

Judgment affirmed.