520 A.2d 1184

**COMMONWEALTH of Pennsylvania**

v.

**Darryl ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1986.

Filed Feb. 2, 1987.

468

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before TAMILIA, HOFFMAN, and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for burglary. Appellant contends that the trial court erred in denying his motion to suppress out-of-court and in-court identifications and physical evidence because (1) his arrest was unsupported by probable cause; (2) the out-of-court identification procedure was unduly suggestive. We agree that appellant's arrest was unsupported by probable cause and that his motion to suppress should have been granted in regard to the out-of-court identification and the physical evidence. We disagree that the in-court identification also should have been suppressed. Because illegally obtained evidence was used against appellant, the judgment of sentence is reversed and a new trial is awarded.

At 10:00 a.m. on the morning of April 25, 1983, the complainant heard noises coming from a second floor room in his house in West Philadelphia. He went to the room, and observed a black male attempting to pry open the window. The complainant stepped out of the room momentarily, returning with a shotgun which he trained on the perpetrator. Seeing the weapon, the perpetrator—who had not succeeded in entering the room—fled. The entire episode lasted ten to fifteen seconds. After the complainant contacted the police, the police radio broadcast the following description: black male, dark complexion, blue sweatshirt, about eighteen to twenty years old with close cropped hair. The police subsequently brought, over a period of two hours, five suspects to the complainant's home for identification. He failed to identify any. During the course of this procedure, the complainant told police that the suspects did not match the description he had originally given when he reported the crime. He then supplemented the police description with the following facts: the suspect was taller than 5'8" to 5'9" and that the sweatshirt zipped up the front and had a red stripe running down the arms. With the supplement, and over two hours after the crime occurred, police observed appellant standing on a street corner ap-

proximately two blocks from the scene of the crime. Appellant was over 6′ tall and wore a sweatshirt matching the description given by the complainant. Police approached appellant and transported him to the scene of the crime where the complainant identified him as the perpetrator.

Appellant filed a pre-trial motion to suppress the out-of-court identification and the sweatshirt as fruits of an illegal arrest. The trial court denied the motion, ruling that there was probable cause to arrest appellant when he was picked up on the street corner. Appellant was then tried without a jury. At that trial he was again identified by the complainant. Appellant was convicted of burglary and sentenced to four-to-twenty-three months incarceration. This appeal followed.

Appellant contends that the trial court erred in denying his motion to suppress the out-of-court and in-court identifications and the sweatshirt. He argues that, as his arrest was not supported by probable cause, the above evidence should have been suppressed as fruits of the illegality. We agree that appellant's arrest was not supported by probable cause and therefore hold that the trial court erred in denying his motion to suppress the out-of-court identification and the sweatshirt. We disagree, however, that the in-court identification should have been suppressed.

To be constitutionally valid, a warrantless arrest must be supported by probable cause. *Commonwealth v. Voss*, 333 Pa.Superior Ct. 331, 339, 482 A.2d 593, 598 (1984). Probable cause for arrest exists when the facts at the time of arrest would warrant a prudent person in believing that a criminal offense had been committed, and that the suspect was the perpetrator of the offense. *Commonwealth v. Woodson*, 342 Pa.Superior Ct. 392, 395, 493 A.2d 78, 79 (1985). While information sufficient to establish probable cause cannot be defined to a mathematical certainty, this Court has recognized certain factors as helpful to that determination. In *Commonwealth v. Woodson, supra*, we held that the defendant's proximity to the scene of the crime, the correspondence of his appearance to the victim's

detailed description of the intruder, his attempt to evade the police, and his unsubstantiated explanation for his presence in the alley behind the victim's house, taken together provided the police officer with probable cause to arrest. *Id.*, 342 Pa.Superior Ct. at 396, 493 A.2d at 80. In *Commonwealth v. Williams*, 317 Pa.Superior Ct. 456, 465, 464 A.2d 411, 415 (1983), we held that the defendant's matching of the description given by the victim, his proximity to the scene of the crime both in time and place and his attempt to flee all provided the police with probable cause to arrest. *See also Commonwealth v. Derrick*, 322 Pa.Superior Ct. 517, 532, 469 A.2d 1111, 1119 (1983) (flight in and of itself is not sufficient to establish probable cause, but flight coupled with some other fact may be sufficient); *Commonwealth v. Bridgeman*, 310 Pa.Superior Ct. 441, 447, 456 A.2d 1017, 1020 (1983) (officer's observance of goods in defendant's car matching description of stolen goods, defendant's failure to produce owner's card for the car or a reasonable explanation for its absence constituted probable cause for arrest); *Commonwealth v. Ryan*, 253 Pa.Superior Ct. 92, 100, 384 A.2d 1243, 1246 (1978) (the defendant's proximity to the scene of the crime both in time and place, and his fast paced walking away were insufficient to provide probable cause for arrest).

Here, appellant matched the general description provided by the complainant. He did stand over 5'9" tall and wore a blue sweatshirt with a zipper up the front and red stripes down the sleeves. N.T. August 3, 1983 at 32. He was observed standing on a street corner two blocks away from the scene of the crime over two hours after it had occurred. *Id.* at 33. There is, however, no evidence that appellant was acting suspiciously or that he tried to flee or evade the police. Unlike those cases cited above where we have found facts sufficient to establish probable cause, the only basis for such a determination in this case was appellant's similarity to the general description provided by the victim. We hold that this similarity, taken by itself, was

not enough to provide the police with sufficient facts establishing probable cause to arrest.

The Commonwealth urges us to accept the proposition that when appellant was initially approached by the police officers and then transported to the scene of the crime for identification by the victim, he was not under arrest but rather detained for investigatory purposes pursuant to *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and its progeny.[1] It therefore concedes that no probable cause existed at the time appellant was initially detained. Rather, it maintains that the less stringent standard recognized under *Terry, i.e.* that the officers had a reasonable suspicion to believe that appellant had committed a crime, be applied to the conduct of the police at the time of the original detention and transportation. We reject this argument.

■ In reaching this determination, we are guided by our Supreme Court's decision in *Commonwealth v. Lovette,* 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied,* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983). In *Lovette,* police officers detained the appellant for investigatory purposes and then transported him to the scene of the crime where he was identified by the victim. In ruling that this procedure went beyond the investigatory nature of a *Terry* stop, the Supreme Court noted:

> [I]t is clear that the placing of appellant and his companions in the police vehicle for the purpose of transporting them to the scene of the offense, without their consent, constituted an arrest as that term has been defined under our cases. It is equally true that police action was a seizure of the person within the meaning of the Fourth Amendment of the federal constitution.

*Id.,* 498 Pa. at 672, 450 A.2d at 979 (citations omitted). Thus, the transportation of appellant, without his consent,

---

**1.** The *Terry* standard was first adopted in Pennsylvania in *Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969). For an overview of the development of the *Terry* exception here see Note *New Application of Terry Stop and Frisk Standard,* 59 Temple L. Quar. 695 (1986).

moved the detention beyond the boundaries of an investigatory stop pursuant to *Terry* and into an arrest requiring conformance to the probable cause standard.[2]

■ As we have determined that appellant was under arrest at the time that he was initially detained and transported to the scene of the crime and that probable cause did not exist at the time of that arrest, we must next determine whether the subsequent out-of-court and in-court identifications, along with appellant's sweatshirt, should have been suppressed as derived from the illegal arrest. In *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), the United States Supreme Court ruled that evidence arrived at by the exploitation of an illegal arrest is tainted by the illegality of the arrest and is therefore inadmissible against the defendant. This "fruit of the poisonous tree" doctrine has been recognized by our Supreme Court as compelling the suppression of a victim's out-of-court identification and physical evidence confiscated from the defendant since both were arrived at pursuant to an illegal arrest. *Commonwealth v. Lovette, supra,* 498 Pa. at 677, 450 A.2d at 981; *Commonwealth v. Nelson,* 488 Pa. 148, 152, 411 A.2d 740, 741 (1980). *See also Commonwealth v. Hook,* 313 Pa.Superior Ct. 1, 7, 459 A.2d 379, 382 (1983). Because the out-of-court identification and appellant's sweatshirt clearly flowed from the illegal arrest they should have been suppressed as fruits of that illegality. Therefore, the trial court erred in ruling them admissible.[3]

■ The principle underlying our ruling that the out-of-court identification and the sweatshirt should have been

---

**2.** The Commonwealth argues that the rule set out in *Lovette* has somehow been relaxed. We can find no evidence to support this assertion. *See Commonwealth v. Petrino,* 332 Pa.Superior Ct. 13, 23, 480 A.2d 1160, 1165 (1984) (distinguishing *Lovette* on the grounds that the suspect consented to being transported to the scene of the crime for an identification); *Commonwealth v. Hook,* 313 Pa.Superior Ct. 1, 7, 459 A.2d 379, 382 (1983) (seizure of physical evidence suppressed under the *Lovette* standard).

**3.** As we have ruled that the out-of-court identification should have been suppressed as a fruit of the poisonous tree of the illegal arrest, we need not reach appellant's second issue concerning the allegedly suggestive nature of the identification.

suppressed, *i.e.* that the Commonwealth should not benefit from its illegal actions, does not compel a similar result regarding the admissibility of the in-court identification. Such subsequent identifications may be admissible if the Commonwealth can show, by clear and convincing evidence, that there was a basis for the identification independent of the illegal activities. *Commonwealth v. Jones,* 324 Pa.Superior Ct. 359, 362, 471 A.2d 879, 880 (1984). Criteria relevant in determining whether the Commonwealth has met this burden include evidence concerning the circumstances under which the witness viewed the actual crime, his or her degree of attention, the accuracy of the description originally given to the police, and the level of certainty the witness displayed in identifying the defendant at trial. *Commonwealth v. Green,* 321 Pa.Superior Ct. 246, 253, 467 A.2d 1346, 1349 (1983).

■ Here, the victim testified that he had observed the perpetrator as he attempted to break into his house for approximately ten to fifteen seconds. N.T. *supra* at 9. Part of this time the victim looked at the perpetrator through the gunsight of a shotgun. *Id.* Additionally, the victim corrected the police officers after they brought five other suspects to his house for identification purposes, pointing out that they did not meet his description. *Id.* at 12. At trial, the victim displayed no hesitation in identifying appellant. *Id.* at 10. We therefore hold that the in-court identification had a basis sufficiently independent from the illegal activities so as to render it admissible.

As we have concluded that the trial court erred in finding that appellant's arrest was supported by probable cause, and in admitting the out-of-court identification and the sweatshirt, we must next determine the remedy. An error by a trial court, whether involving state or federal constitutional law, "can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless." *Commonwealth v. Story,* 476 Pa. 391, 405–06, 383 A.2d 155, 162 (1978). An error is harmless only if the appellate court determines that it "could not have contribut-

ed to the verdict." *Id.*, 476 Pa. at 409, 383 A.2d at 164. "Whenever there is a 'reasonable possibility' that an error 'might have contributed to the conviction', the error is not harmless." *Id.* (citations omitted). An error may be harmless if the "properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict." *Id.*, 476 Pa. at 413, 383 A.2d at 166. This analysis is closely tied to the facts of the case and requires an examination of the entire record. *Id.*, 476 Pa. at 413 n. 24, 383 A.2d at 166 n. 24. For an error to be harmless because of overwhelming evidence, the "untainted evidence relied upon must be uncontradicted." *Id.*, 476 Pa. at 413, 383 A.2d at 166 (footnote omitted). "Unless the evidence is uncontradicted a fair minded juror may well choose to credit the defendant's rather than the Commonwealth's evidence." *Id.*, 476 Pa. at 415–16, 383 A.2d at 167. The requirement that evidence be uncontradicted can be traced to the function of appellate courts: "An appellate court is ill equipped to resolve conflicts in the evidence or make findings of fact." *Id.*, 476 Pa. at 416, 383 A.2d at 168. Were the appellate court to assume this role, it would usurp the fact-finder's function. *Id.* Therefore, courts have been reluctant to find errors harmless on the basis of overwhelming evidence. *Id.*, 476 Pa. at 413, 383 A.2d at 166.

■ Here, a review of the record convinces us that the admission of the out-of-court identification and the sweatshirt was not harmless beyond a reasonable doubt. The Commonwealth built its case primarily upon three pieces of evidence; the out-of-court identification, the sweatshirt, and the in-court identification. Appellant presented an alibi defense which contradicted the Commonwealth's evidence. N.T. *supra* at 56–64. We cannot say that the erroneous admission of two of the Commonwealth's three key pieces of evidence constituted harmless error. Without the out-of-court identification and the sweatshirt the evidence against appellant is not so overwhelming so as to compel us to find

that the admission of the illegally obtained evidence was harmless. Absent the out-of-court identification and the sweatshirt, the trier-of-fact was left to decide between appellant's alibi and the in-court identification provided by the victim. Because we believe that there is a reasonable possibility that the trier-of-fact may have relied upon the inadmissible evidence, the error was not harmless beyond a reasonable doubt. We, therefore, conclude that the judgment of sentence must be reversed and appellant be awarded a new trial.

Judgment of sentence reversed. A new trial is ordered.