576 A.2d 63

**COMMONWEALTH of Pennsylvania**

v.

**Paul LEWIS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1990.

Filed June 6, 1990.

Helen Marino, Philadelphia, for appellant.

Alan Sacks, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND and BROSKY, JJ.

WIEAND, Judge:

Paul Lewis was tried in the Municipal Court of Philadelphia and was found guilty of possession of cocaine, a controlled substance. He was sentenced to probation for a period of one year. A petition for writ of certiorari to the Court of Common Pleas was denied, and Lewis appealed. He contends that the trial court improperly refused to suppress cocaine seized from him by police following an arrest which was illegal because it was unsupported by probable cause. We agree and reverse.

Appellant, by his counsel, moved orally[1] in the Municipal Court to suppress the cocaine in the following manner:

[Defense Counsel]: Your Honor, we have a motion to suppress the physical evidence on the grounds the physical evidence was seized in violation of the Pennsylvania and United States Constitution.

Although the motion was made in general terms, subsequent argument, made after testimony of the arresting officer had been received, specifically identified the absence of probable cause for and the illegality of the arrest as the bases for the suppression of the evidence seized. The

1. Pa.R.Crim.P. 6005(a), governing procedure in Philadelphia Municipal Court, specifically permits the making of an oral motion for the suppression of evidence.

Municipal Court, in response to this challenge, ruled on the merits as follows:

> THE COURT: In this instance the officer has justification. He has a defendant flaunting him. He has a defendant ignoring his order. He has the atmosphere, the condition on the street with which he is faced and I think he made a justifiable determination to arrest the defendant on the basis of his conduct. He has enough to arrest him.

> . . . .

> THE COURT: I accept the officer's testimony and I think it was a justifiable arrest, a search pursuant to that arrest. The motion to suppress is denied.

Contrary to the suggestion appearing in the Common Pleas Court's opinion,[2] the absence of probable cause for the arrest was not waived as a basis for the suppression of evidence.

In reviewing the denial of appellant's motion to suppress evidence, a reviewing court must

> determine whether the factual findings of the [suppression] court are supported by the record. In making this determination, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense, as, fairly read in the context of the record as a whole, remains uncontradicted. If, when so viewed, the evidence supports the factual findings, we are bound by such findings and may only reverse if the legal conclusions drawn therefrom are in error. *Commonwealth v. Trenge,* 305 Pa.Super. 386, 451 A.2d 701 (1982).

*Commonwealth v. Chamberlain,* 332 Pa.Super. 108, 112, 480 A.2d 1209, 1211 (1984). See also: *Commonwealth v. Schneider,* 386 Pa.Super. 202, 206, 562 A.2d 868, 870 (1989); *Commonwealth v. Tau Kappa Epsilon,* 385 Pa.Super. 247, 255, 560 A.2d 786, 790 (1989).

**2.** The Commonwealth did not file a formal brief but relied upon the opinion of the Court of Common Pleas.

The only witness at the suppression hearing was Officer Rawle, who had made the arrest. He said that Sergeant Gallo had asked him to keep an eye on "a black male, tan shorts, blue shirt, tan hat on the southeast corner of Tackawanna and Orthodox," an area in which drugs were known to be sold. Later, Rawle observed Paul Lewis, who fit the description given by Gallo, standing on the corner. Rawle knew Lewis. He approached Lewis, at or about 1:30 a.m., and asked him to leave the area. Lewis walked across the street to the opposite corner, where he turned and grinned at Rawle. Rawle thereupon crossed the street, placed Lewis under arrest for "failure to disperse" and conducted a search of Lewis's person. From Lewis's back pocket Rawle seized a blue, safari sunglass pouch which, when opened, was found to contain fifty-eight clear, plastic packets of a white powder believed to be cocaine. Subsequent testing revealed that the packets did, in fact, contain cocaine. When asked why he had arrested Lewis, Rawle explained to the suppression court:

THE WITNESS: One factor that Sergeant Gallo had stated to me he told the male to leave the area prior to that. The other factor is that I had seen the male on this same location several times, hundreds of times as a matter of fact and I suspected him to be a seller of narcotics and every time I asked him to leave the area I usually get a hard time. Most of the times he leaves.

THE COURT: What is it about the area that is special?

THE WITNESS: There has been numerous arrests and numerous complaints about the area.

THE COURT: It's a high drug area?

THE WITNESS: That's correct.

"As a general rule, a search or seizure without a warrant is deemed unreasonable for constitutional purposes." *Commonwealth v. Holzer*, 480 Pa. 93, 102, 389 A.2d 101, 106 (1978), citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454–455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564, 576 (1971). See also: *Commonwealth v. Chandler*, 505 Pa. 113, 122, 477 A.2d 851, 855 (1984); *Commonwealth v. Silo*, 480 Pa.

15, 20, 389 A.2d 62, 65 (1978), *cert. denied,* 439 U.S. 1132, 99 S.Ct. 1053, 59 L.Ed.2d 94 (1979); *Commonwealth v. Conn,* 377 Pa.Super. 442, 445, 547 A.2d 768, 769–770 (1988); *Commonwealth v. Ehrsam,* 355 Pa.Super. 40, 51, 512 A.2d 1199, 1204 (1986); *Commonwealth v. Hinkson,* 315 Pa.Super. 23, 27, 461 A.2d 616, 618 (1983).

> [W]arrantless searches and seizures are per se unreasonable "subject only to a few specifically established and well-delineated exceptions." *E.g., Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); *Coolidge v. New Hampshire,* 403 U.S. 443, 454–55, 91 S.Ct. 2022 [2031–32], 29 L.Ed.2d 564 (1971); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507 [516], 19 L.Ed.2d 576 (1967); *see Commonwealth v. Shaffer,* 447 Pa. 91, 103, 288 A.2d 727, 734 (1972), *cert. denied,* 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972); *Commonwealth v. Cockfield,* 431 Pa. 639, 644, 246 A.2d 381, 383 (1968). Furthermore, in this jurisdiction the burden is upon the Commonwealth to prove by a preponderance of the evidence that a search or seizure did not violate the fourth amendment.
>
> *Commonwealth v. Ravenell,* 448 Pa. 162, 166, 292 A.2d 365, 367 (1972); *Commonwealth v. Mazzella,* 231 Pa.Super. 247, 250, 331 A.2d 784, 785 (1974); *see* Pa.R.Crim.P. 323(h).

*Commonwealth v. Silo, supra* 480 Pa. at 20–21, 389 A.2d at 65. See: *Commonwealth v. Holzer, supra* 480 Pa. at 102 and n. 6, 389 A.2d at 106 and n. 6 (stating warrant requirement and listing exceptions thereto); *Commonwealth v. McBride,* 391 Pa.Super. 113, 119–120, 570 A.2d 539, 542 (1990) (same).

One of the recognized exceptions to the general rule is a search which is incidental to a lawful arrest. *Commonwealth v. McBride, supra; Commonwealth v. York,* 381 Pa.Super. 55, 61, 552 A.2d 1092, 1094 (1989). See also: *Commonwealth v. Norris,* 498 Pa. 308, 315, 446 A.2d 246, 249 (1982); *Commonwealth v. Walker,* 348 Pa.Super. 207,

217, 501 A.2d 1143, 1148 (1985). "A lawful arrest may be made without a warrant if an officer, given all of the circumstances known to him and his making a practical common sense decision therefrom, had probable cause to believe that a crime was committed or was in the process of being committed by the suspect." *Commonwealth v. York, supra,* 381 Pa.Super. at 61, 552 A.2d at 1095. See also: *Commonwealth v. Fromal,* 392 Pa.Super. 100, ——, 572 A.2d 711 (1990); *Commonwealth v. Butler,* 354 Pa.Super. 533, 537–538, 512 A.2d 667, 669–670 (1986).

> To be constitutionally valid, a warrantless arrest must be supported by probable cause. *Commonwealth v. Voss,* 333 Pa.Superior Ct. 331, 339, 482 A.2d 593, 598 (1984). Probable cause for arrest exists when the facts at the time of arrest would warrant a prudent person in believing that a criminal offense had been committed, and that the suspect was the perpetrator of the offense. *Commonwealth v. Woodson,* 342 Pa.Superior Ct. 392, 395, 493 A.2d 78, 79 (1985).

*Commonwealth v. Anderson,* 360 Pa.Super. 466, 470, 520 A.2d 1184, 1186 (1987). See also: *Commonwealth v. Merriwether,* 382 Pa.Super. 411, 419, 555 A.2d 906, 910 (1989); *Commonwealth v. Bells,* 373 Pa.Super. 57, 60, 540 A.2d 297, 299 (1988); *Commonwealth v. Ellis,* 354 Pa.Super. 11, 17–18, 510 A.2d 1253, 1256 (1986).

■ When appellant was arrested, he was standing alone on a street corner. When approached by a police officer and told to leave the area, he crossed the street to the opposite corner, looked back and grinned at the officer. Appellant did not speak to the officer and made no other gesture to or at the officer. He did not then commit a crime or give cause to believe he was engaged in criminal activity.

Section 5502 of the Crimes Code defines the offense of failure to disperse as follows:

> **§ 5502. Failure of disorderly persons to disperse upon official order**

Where three or more persons are participating in a course of disorderly conduct which causes or may reasonably be expected to cause substantial harm or serious inconvenience, annoyance or alarm, a peace officer or other public servant engaged in executing or enforcing the law may order the participants and others in the immediate vicinity to disperse. A person who refuses or knowingly fails to obey such an order commits a misdemeanor of the second degree.

18 Pa.C.S. § 5502. To violate this section, it is necessary that a person be part of a group of three or more persons. See: *Commonwealth v. DeFrancesco*, 481 Pa. 595, 393 A.2d 321 (1978). It is also necessary that such person be engaged in a course of disorderly conduct.[3] Appellant was standing alone and was not engaged in disorderly conduct. Under these circumstances, Rawle did not have probable cause to arrest appellant for "failure to disperse."

█ It is equally clear that Rawle did not have probable cause to believe that appellant was engaged in committing a drug offense. Although the area was a high drug area and although Rawle assumed that appellant was a drug pusher, there was nothing in appellant's conduct to suggest that he was then engaged in illegal drug activity. On the contrary, appellant was merely standing alone on the street corner. See and compare: *Commonwealth v. Mackie*, 456 Pa. 372, 320 A.2d 842 (1974); *Commonwealth v. Pegram*, 450 Pa. 590, 301 A.2d 695 (1973); *Commonwealth v. Anderson*, 360 Pa.Super. 466, 520 A.2d 1184 (1987). See also: *Commonwealth v. Boyer*, 455 Pa. 283, 314 A.2d 317 (1974) (fact that

---

3. Disorderly conduct is defined at 18 Pa.C.S. § 5503(a) as follows:
   **§ 5503. Disorderly conduct**
   　**(a) Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
   　(1) engages in fighting or threatening, or in violent or tumultuous behavior;
   　(2) makes unreasonable noise;
   　(3) uses obscene language, or makes an obscene gesture; or
   　(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

defendant gave police an unusual look as he drove past them did not establish probable cause to stop and search his vehicle); *Commonwealth v. Espada*, 364 Pa.Super. 604, 528 A.2d 968 (1987) (mere presence of defendant in high crime area does not provide police with reasonable and articulable suspicion necessary to justify investigatory stop and frisk).

Appellant contends that his arrest for failure to disperse was pretextual.

> The term "pretext arrest" is used to describe an arrest made only to conduct a search without a warrant. "When the arrest is merely a subterfuge for conducting a search, the search is illegal in spite of the validity of the arrest. *Amador–Gonzales [Gonzalez] v. United States*, 391 F.2d 308 (5th Cir.1968)." *Commonwealth v. Freeman*, 222 Pa.Super. 178, 181, 293 A.2d 84, 85 (1972).

*Commonwealth v. Tenney*, 227 Pa.Super. 337, 339, 324 A.2d 401, 402 (1974). See also: *Commonwealth v. Freeman*, 222 Pa.Super. 178, 181, 293 A.2d 84, 85 (1972). It is not necessary in this case to determine whether appellant's arrest was pretextual, for even the arrest for failure to disperse was unsupported by probable cause and improper. Appellant's conduct did not evidence a violation of any criminal law, and the record is clear that Rawle did not have anything more than an unsupported suspicion that appellant intended to engage in drug related activity.

The evidence in this case was seized as a direct consequence of the unlawful arrest. As such, it was "fruit of the poisonous tree" and should have been suppressed. See: *Commonwealth v. Harris*, 491 Pa. 402, 408–409, 421 A.2d 199, 202 (1980); *Commonwealth v. Shaw*, 476 Pa. 543, 554–556, 383 A.2d 496, 501–502 (1978); *Commonwealth v. Anderson, supra* 360 Pa.Super. at 473, 520 A.2d at 1187–1188. See also: *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Reversed and remanded for a new trial. Jurisdiction is not retained.