555 A.2d 906

COMMONWEALTH of Pennsylvania, Appellee,

v.

Anthony MERRIWETHER, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 27, 1988.

Filed March 2, 1989.

413

James R. Wilson, Pittsburgh, for appellant.

Scott A. Bradley, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and KELLY, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence following appellant's conviction for violations of the Pennsylvania

Uniform Firearms Act, 18 Pa.C.S.A. § 6101, *et seq.* We affirm.

The procedural history of this case follows. A criminal complaint against appellant was filed on March 13, 1985. On August 23, 1985, appellant filed an omnibus pre-trial motion seeking suppression of certain evidence. A hearing on this motion was held before the Honorable Samuel Strauss on August 27, 1985. After all the evidence relating to the suppression motion had been presented, the trial judge adjudicated appellant guilty. At this point, a clerk reminded the judge that the proceeding was only a suppression hearing. The judge then denied the suppression motion. Following the judge's decision on the suppression motion, the Commonwealth proceeded to incorporate the evidence presented into its case in chief. Before the Commonwealth rested, however, the trial judge stated that appellant was guilty "unless he had something to offer." The defense rested at this point. The Commonwealth, however, requested permission to introduce further evidence pertaining to the merits of the case. It was necessary at this point for the Commonwealth to remind the trial judge that this evidence pertained to the merits of the case and not to the sentencing of appellant. Following introduction of this evidence, the trial judge again found appellant guilty.

On September 9, 1985 appellant filed post-verdict motions. These motions were denied by the trial court on December 11, 1985. On April 24, 1986, appellant filed amended post-verdict motions stating, *inter alia,* that he was never advised of his right to a jury trial. On April 30, 1986, appellant was granted a new trial based on the absence of an on-the-record colloquy of jury trial waiver.

On July 28, 1986 appellant filed an omnibus pre-trial motion seeking suppression of evidence. A hearing on this motion was held before the Honorable Donna Jo McDaniel. Appellant's counsel also made an oral motion to dismiss based on the violation of Rule 1100. These motions were denied and appellant proceeded immediately to a bench trial

where he was convicted. Post-trial motions were timely filed and denied. Appellant was sentenced and thereafter filed the instant appeal.

■ Initially, we deal with appellant's claim that he was brought to trial in violation of Rule 1100 of the Pennsylvania Rules of Criminal Procedure. The crux of appellant's claim is that the proceeding before Judge Strauss did not amount to a trial for the purposes of Pa.R.Crim.Pro. 1100.[1] Therefore, appellant contends, as a proper trial did not commence until October 1986, his rights under the Speedy Trial Act were violated and his conviction should be vacated and the charges against him dismissed.

Pennsylvania Rule of Criminal Procedure 1100(a)(2) requires that a defendant be brought to trial within 180 days from the date the complaint was filed. If a defendant is not brought to trial during this time, he may petition the court to dismiss the charges pursuant to Rule 1100(f). For purposes of Rule 1100, a trial is deemed to commence *on the date the judge calls the case to trial* or the defendant tenders a plea of guilty or *nolo contendre.* Rule 1100(b) (emphasis supplied). Further elucidation of the above standard is provided by the following comment to Rule 1100.

> For the purpose of this rule a trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial. With regard to the hearing of motions reserved for the time of trial, see *Jones v. Commonwealth,* 75 Pa. 403, No. 39, January Term, 1979 (filed 9/24/81).

*Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981), sought to determine when a trial commences for Rule 1100 purposes. In so doing, *Jones* recited the above comment to Rule 1100 and emphasized the phrase "or the

1. We acknowledge that Rule 1100 was amended in December 1987. As the proceedings in the instant case took place prior to this date, however, the amendments have no effect on appellant's case.

hearing of any motions which had been reserved for the time of trial." *Jones* also referred to concurring opinion of former Chief Justice Eagen in *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), which is often cited for its discussion of the meaning of the above comment. In his concurrence, Chief Justice Eagen stated the following:

> For example, if a case were called to trial and after determining the parties were present, the trial judge *held a hearing on a Suppression Motion which had been reserved for the time of trial,* presumably the trial would have commenced for purposes of Rule 1100. This leads to the conclusion that the principle concern behind Rule 1100 is simply that the commencement of trial be marked by a substantive, rather than a pro forma, event. Moreover, each of the events specifically referred to in the foregoing portions of the comment represents a degree of commitment of the Court's time and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom. Accordingly, *the beginning of any stage which leads directly into the guilt determining process is a "first step" in the trial for the purposes of Rule 1100.*

473 Pa. at 260, 373 A.2d at 1361 (Eagen, C.J., concurring) (emphasis supplied).

Based on the above, the *Jones* court decided that trial commenced in the case before it with the hearing on the Motion to Suppress since that Motion expressly was made "returnable at the time of trial before the trial judge." *Jones,* 495 Pa. at 496, 434 A.2d at 1200.

With respect to pretrial motions, our Court has followed the *Jones* case in finding that when the motion has been expressly reserved for the time of trial and the "guilt determining process" directly follows a decision on the motion, trial has commenced for purposes of Rule 1100. *See, Commonwealth v. Bell,* 328 Pa.Super. 35, 476 A.2d 439 (1984); *Commonwealth v. Derrick,* 322 Pa.Super. 517, 469 A.2d 1111 (1983); *Commonwealth v. Machi,* 294 Pa.Super. 338, 439 A.2d 1230 (1982) (first requirement met where

court had ordered motion to be heard "on the date of trial, immediately prior to trial"); *Commonwealth v. Whitner*, 278 Pa.Super. 175, 420 A.2d 486 (1980).

We have reviewed the transcript of the hearing on the suppression motion in the instant case and have found that immediately prior to proceeding on the Motion to Suppress, individuals who were going to testify *at trial* were asked by the court to stand and be sworn in. We believe that this satisfies the purpose underlying the first requirement as appellant and his counsel were then made aware that trial would be commencing at the close of the suppression hearing. *See, Commonwealth v. Jackson*, 262 Pa.Super. 151, 396 A.2d 690 (1978) (first requirement not met where, among other things, there was no mention made at the time of the suppression motion that trial was then beginning).

The next factor to consider in determining whether a trial has commenced for purposes of Rule 1100 is a finding of when the trial court first embarked on the "guilt determining" process. In reviewing the instant case, we are mindful of Justice Eagen's admonition that the principle concern behind Rule 1100 is that the commencement of trial be marked by a substantive, rather than a *pro forma* event. Instantly, the transcript from the hearing on the motion to suppress and the subsequent trial in August 1985 revealed that the proceedings suffered from formal inadequacies. It is evident, however, that once the initial confusion regarding the nature of the proceeding was clarified, the motion to suppress was denied and a proceeding commenced which consisted of the Commonwealth presenting its case, the defense stating that it had no further testimony and the trial judge adjudicating the defendant guilty. A review of the transcript reveals that following denial of the suppression motion the court engaged in a process which was directed to determining the guilt or innocence of the defendant. We find therefore, that the proceeding before Judge Strauss in August 1985 constituted a trial for purposes of

Rule 1100.[2]

Appellant's next claim of error concerns the search of his person which yielded the evidence which was admitted against him at trial. The facts as found by the suppression court follow.

> A review of the evidence establishes that on that date, [March 13, 1985] detectives from the Allegheny County Police were conducting a search with a warrant of a residence in Braddock, Pennsylvania. While the officers were engaged in the search, Detective Duffy answered a knock at the door and confronted the defendant. The defendant entered the apartment and said "you don't know me but I was told I could buy some bans here." [1. testimony established that "bans" is the street name for a controlled substance] Detective Duffy identified himself, conducted a pat down search and found a syringe and a loaded .32 caliber revolver on the defendant's person. The defendant was then informed of his arrest on the gun violation.

(Opinion of McDaniel, J., at pp. 2–3).

Appellant contends that this warrantless search of his person cannot be justified under any exception to the Fourth Amendment prohibition against such searches. Therefore, he argues, the evidence should have been suppressed.

Initially, we note our standard of review in an appeal from the denial of a suppression motion.

> ... The suppression court must make findings of fact and conclusions of law in determining whether evidence was obtained in violation of the defendant's rights ... On appeal [this Court] must determine whether the record supports the factual findings of the suppression court, as well as determine the reasonability of any inferences and legal conclusions drawn from the [suppression] court's finding of fact.

---

**2.** The criminal complaint was filed on March 13, 1985, making the mechanical run date for Rule 1100 purposes August 27, 1985.

In considering whether the record supports the [suppression] court's finding of facts we must restrict ourselves to reviewing the evidence presented by the Commonwealth and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. In addition, where the suppression court's findings are amply supported by the record they may not be disturbed on appeal.

*Commonwealth v. Eliff*, 300 Pa.Super. 423, 428, 446 A.2d 927, 929 (1982) (citations omitted); *See also, Commonwealth v. Monarch*, 510 Pa. 138, 507 A.2d 74 (1986); *Commonwealth v. Hamlin*, 503 Pa. 210, 469 A.2d 137 (1983).

Instantly, we have determined that the facts as found by the suppression court are amply supported by the record. We therefore proceed to a review of the suppression court's conclusion that probable cause to arrest appellant was established and that the protective pat-down search conducted by the police was proper under *Commonwealth v. Rehmeyer*, 349 Pa.Super. 176, 502 A.2d 1332 (1985), *alloc. denied*, 516 Pa. 613, 531 A.2d 780 (1987).

To be constitutionally valid, a warrantless arrest must be supported by probable cause. *Commonwealth v. Anderson*, 360 Pa.Super. 466, 520 A.2d 1184 (1987), *citing Commonwealth v. Voss*, 333 Pa.Super. 331, 482 A.2d 593 (1984), *appeal denied*, 514 Pa. 617, 521 A.2d 932 (1987). Probable cause exists where the facts and circumstances at the time of the arrest would warrant a reasonable person in believing that an offense had been committed and that the suspect was the perpetrator of the offense. *Commonwealth v. Anderson, supra; Commonwealth v. Ellis*, 354 Pa.Super. 11, 510 A.2d 1253 (1986). Instantly, the suppression court found that the police were executing a search warrant at a residence where it was suspected that drug trafficking was being conducted. Appellant presented himself at this residence and expressly stated that he wished to purchase a controlled substance. It was reasonable to conclude on these facts that appellant had committed a

violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.S.A. § 780–101 *et seq.*[3]

■ Although the police in the instant case had probable cause to arrest appellant, they did not do so until they conducted a search of appellant's person. Appellant contends that this fact requires that the evidence seized as a result of the search be suppressed. We disagree and rely, as the suppression court did, on *Commonwealth v. Rehmeyer, supra.* in support of our position.

*Commonwealth v. Rehmeyer* held that "if probable cause to arrest exists, but the officer does not effectuate the arrest, the officer may nevertheless conduct a protective pat-down search when he decides to transport the individual in the patrol car." 502 A.2d at 1335. Appellant contends that the fact that the officer in *Rehmeyer* would be transporting the defendant in a patrol car created a situation of peril for the officer which does not exist in the instant case. Therefore, appellant contends, *Rehmeyer* is effectively distinguished and does not control the instant case. We disagree. Instantly, it was apparent that appellant arrived at the residence, which was being searched, for the purpose of buying drugs. It is not unreasonable to assume that once identified as law enforcement officials, the police officers may have been in some danger from appellant. It was therefore proper for the officers to neutralize this danger by conducting a limited pat-down search of appellant. In so finding, we note that although the *Rehmeyer* holding dealt with the transportation of a defendant in a patrol car, the *Rehmeyer* court cited with approval the following passage:

**3.** 35 Pa.S.A. § 780–113(a)(19) provides as follows:
(a) the following acts and the causing thereof within the Commonwealth are hereby prohibited:

\*    \*    \*    \*    \*    \*

(19) The intentional purchase of knowing receipt in commerce by any person of any controlled substance, other drug or device from any person not authorized by law to sell, distribute, dispense or otherwise deal in such controlled substance, other drug or device.

[T]he mere fact that the trooper reversed the procedure, *conducting the search before the arrest,* did not render it illegal as long as probable cause to arrest existed at the time of search.... Any other holding would, without rational basis, exalt form over substance.

*United States v. Jenkins,* 496 F.2d 57, 73 (2d Cir.1974), *cert. denied,* 420 U.S. 925, 95 S.Ct. 1119, 43 L.Ed.2d 394 (1975) (emphasis supplied). For the reasons set forth above, therefore, we affirm the trial court's denial of appellant's suppression motion.

■ Finally, appellant contends that trial counsel was ineffective for failing to present the defense of justification. When faced with a challenge to the effectiveness of counsel, we must first determine whether the underlying claim is of arguable merit. If the underlying claim presents arguable merit, we must evaluate whether the course chosen by counsel had some reasonable basis aimed at promoting the appellant's interests. Finally, the appellant must establish that the alleged ineffectiveness prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

■ The defense of justification is codified at 18 Pa.C. S.A. § 503(a) entitled "Justification Generally." In order to be entitled to an instruction of justification as a defense, the actor must offer evidence which will demonstrate the following:

1. that the actor was faced with a clear and imminent harm, not one which is debatable or speculative;

2. that the actor could reasonably expect that the actor's actions would be effective in avoiding this greater harm;

3. that there is no legal alternative which will be effective in abating the harm; and

4. that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

*Commonwealth v. Capitolo,* 508 Pa. 372, 376–380, 498 A.2d 806, 808–809 (1985).

Appellant contends that he was justified in carrying a firearm because he had allegedly received telephone threats by individuals against whom he had testified at an unrelated murder trial. These alleged threats, however, do not constitute clear and imminent harm. Furthermore, there was a legal alternative available to appellant as he could have notified the authorities and informed them of these threats. Appellant was, therefore, not entitled to the defense of justification; consequently, counsel cannot be found ineffective for failing to pursue such a claim.

JUDGMENT OF SENTENCE AFFIRMED.