## Commonwealth v. Thompson

*Roy A. Keefer, district attorney,* for the commonwealth.
*Michael A. George,* for defendant.

SPICER, *P.J.*, January 5, 1990 — Defendant moves to arrest judgment following his convictions by the Honorable John D. Kuhn following a bench trial. Defendant was found guilty of possessing drug paraphernalia and a small amount of marijuana and complains that evidence by which he was convicted should have been suppressed.

The undersigned refused pretrial motions to suppress October 16, 1989. Defendant then waived his right to a jury trial and was found guilty November 2, 1989. Since the sole issue raised in his post-verdict motions relates to the undersigned's denial of defendant's suppression motion, the case presently comes before this writer for disposition.

After carefully considering defendant's arguments and the record, this writer concludes that evidence was subject to suppression and that the ruling of October 16, 1989, was erroneously decided.

The suppression record was scanty, indeed. By stipulation, the court considered as true recitals in an application for search warrant and the police report. While those facts come very close to establishing probable cause for an arrest and/or search, the undersigned finds that an important conclusion previously drawn is not supported by the facts and, without this, the seizure cannot be justified.

The application for a search warrant recited that, because of "the number of persons who enter this residence and remain there for a short period of time" all persons in the residence should be searched. The warrant authorized searches of all individuals in the residence. It did not authorize such searches for persons outside the residence.

Salient facts regarding defendant appear in the report. That document recites that while a search of

lower level premises was being conducted, the following occurred:

"At approximately 11 a.m. a vehicle arrived at the residence which was being operated by accused, Thompson. After exiting the vehicle, I informed Thompson who I was and ascertained that he was not a juvenile. I read him his *Miranda* warnings and he said that he understood them. I asked him whether or not he anything [sic] in his pockets that he shouldn't, he said that he did not. I patted him down and felt several buldges [sic] in his pockets and asked if he would empty his pockets. He agreed to do so. After he said that he had emptied his pockets, I again patted him down, and still I felt something in the left front pocket. I reached into this pocket and found a plastic bag which contained a small amount of marijuana and rolling papers." Pennsylvania State Police Initial Crime Report, page 2.

The building involved is in a residential area within the Borough of Carroll Valley. The application for warrant distinguished between an upper-level dwelling, occupied by persons with no involvement in this case, and the lower-level dwelling occupied by two persons, one named Barclay. The warrant was issued only for the Barclay residence.

This writer concluded, from reading the report, that defendant's destination was the Barclay residence. Thus, he fell within a class that could be described as potential purchasers. However, as defendant points out, the word "residence" does not identify which residence nor was defendant's destination or purpose ever subject to inquiry. While it is clear that customers who come upon search scenes are subject to search, *Commonwealth v. Merriwether,* 382 Pa. Super. 411, 555 A.2d 906 (1989),

there is only the showing in our case that defendant arrived at a dually occupied and divided residence.

Defendant argued at the suppression hearing that stops and frisks under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), are justified only if police believe the detainee is armed and dangerous. This court rejected that argument, pointing out that the focus is properly on the likelihood that criminal activity is afoot. *Commonwealth v. Elliott,* 376 Pa. Super. 536, 546 A.2d 654 (1988).

However, *Terry* authorizes only "limited pat-down." *Commonwealth v. Merriwether, supra.*

"A search may be conducted incident to a *Terry* stop only if the police officer reasonably believes it to be necessary for his own safety or that of others. The search must be limited to the detainee's person and immediate surroundings and can go no further than is necessary to discover any dangerous weapons which may be used on that occasion against the officer." *Commonwealth v. Pine,* 370 Pa. Super. 410, 419, 536 A.2d 811, 816 (1988). (citations omitted)

All other searches require probable cause to believe that the person possesses evidence of crime. See *Commonwealth v. Merriwether, supra.*

As was mentioned in the court's earlier opinion, there is no clear litmus test for determining when a seizure exceeds the bounds of an investigative stop and becomes an arrest. *Commonwealth v. Elliott, supra.* Appellate courts have made numerous attempts to clarify basically a murky area. In *Commonwealth v. Brown,* 388 Pa. Super. 187, 565 A.2d 177 (1989), Judge Beck, as have others, classified contact between citizens and police as "mere encounters, non-custodial detentions, and custodial

detentions," noting that "both non-custodial detentions and custodial detentions are seizures of the person that trigger Fourth Amendment protection." *Id.* However, constitutional protection invoked by *Terry* requires suspicion, not probable cause.

It is important to understand that "seizure" refers to detention of the person in these contexts. The intrusion discussed in *Commonwealth v. Elliott, supra,* is the intrusion on a person's freedom of movement. This writer did not stress this point in the suppression opinion and did not stress the difference between a pat-down (outside the pocket) and a search (inside the pocket).

Careful consideration of cases justifying seizures of evidence reveals that, almost without exception, other factors have been involved. For example, when detention has developed into an arrest situation, consent has been utilized to justify a search. In *Commonwealth v. Douglass,* 372 Pa. Super. 227, 539 A.2d 412 (1988), a suspect said he had no objection to a chemical test and that was equated with consent. In *Commonwealth v. Pine, supra,* an officer was allowed to read a serial number on a television because that item was in open view. In *Commonwealth v. Rodriquez,* 387 Pa. Super. 271, 564 A.2d 174 (1989), the court apparently approved the routine police practice of searching purses because of the need for protection. In most cases in which searches are upheld, police have probable cause. In *Commonwealth v. Elliott, supra,* police saw contraband in open view. In *Commonwealth v. Merriwether, supra,* defendant appeared at a residence and expressly stated he wished to purchase a controlled substance.

Unfortunately for the commonwealth, the record in this case falls short of establishing probable cause, consent, or the need for self-protection. In

searching defendant's pocket, the police exceeded a limited pat-down. The evidence should have been suppressed.

It appears that suppressing the items seized will terminate the prosecution. Therefore, defendant is entitled to have judgment arrested.

Because the court deals with setting aside verdicts of guilty, this writer has asked Judge Kuhn to join in the order granting relief.

## ORDER OF COURT

And now, January 5, 1990, judgment is arrested and defendant is discharged.