616 A.2d 1376

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Thomasina JOHNSONNA.**

Superior Court of Pennsylvania.

Submitted Jan. 15, 1992.

Filed June 2, 1992.

Reargument Denied July 23, 1992.

Catherine Marshall, Asst. Dist. Atty., Philadelphia, for Comm., appellant.

Daniel A. Rendine, Philadelphia, for appellee.

Before ROWLEY, President Judge, and OLSZEWSKI and MONTEMURO, JJ.

OLSZEWSKI, Judge:

The Commonwealth appeals from the March 13, 1991, order of the Court of Common Pleas of Philadelphia County granting appellee's pre-trial motion to suppress 580 vials of crack cocaine.[1] On April 4, 1991, the trial court denied appellant's petition for reconsideration of the motion to suppress, and this appeal followed. For our review, the Commonwealth asks us to consider whether a police officer is legally entitled to pursue a fugitive into a residence where the officer has personal knowledge that a warrant has been issued for the fugitive's arrest, and the fugitive immediately flees upon seeing the officer. We reverse the lower court's order and remand for further proceedings.

We will begin with a description of the relevant facts of this case. Appellee's arrest on the charges of possession with

---

1. The Commonwealth has certified that the lower court order, granting defendant's motion to suppress physical evidence, effectively terminates the prosecution of this case. *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985) (absolute right of the Commonwealth to appeal from a grant of suppression motion which terminates or substantially handicaps its case).

intent to deliver a controlled substance, and knowing and intentional possession of a controlled substance, developed from a series of events which took place around 9:35 p.m. on January 17, 1989. Philadelphia Police Officer Steven Brown was on routine plain clothes patrol duty when he observed a female, Darlene Olverson, leaving a rowhouse at 4239 North Hicks Street. Officer Brown recognized Olverson as a defendant who had failed to appear in court three weeks earlier. At that time, Officer Brown had been present in court to testify against Olverson and had witnessed the judge enter a bench warrant for her arrest. Officer Brown did not know, however, whether the bench warrant remained outstanding.

Officer Brown left his vehicle and called to Olverson who glanced at the officer, immediately ran back to the 4239 Hicks Street location, and slammed the door behind her. Continuing his pursuit, Officer Brown broke the door open by hitting it with his shoulder. Upon entering the residence, Olverson was directly in front of Officer Brown and exited through the back door. As Officer Brown continued after Olverson he observed appellee, Thomasina Johnsonna, in the kitchen/dining room area. A large clear plastic bag filled with vials was thrown behind the refrigerator. There was conflicting testimony as to who threw the bag of illegal drugs. Officer Brown then pursued Olverson, who ultimately escaped, into the adjoining alley.

Police officers attempted to move the refrigerator to retrieve the clear plastic bag, whereupon items fell from the top of the refrigerator. As a result, the officers stopped moving the refrigerator and cleared its top before proceeding. One item which the officers removed from the refrigerator was an uncovered pot which contained two clear plastic bags of two hundred vials of cocaine each. The clear bag which was retrieved from behind the refrigerator contained 180 vials of crack cocaine. Officers Kerwin and Baird recovered a total of 580 vials of crack cocaine. Appellee, Thomasina Johnsonna, was placed under arrest.

On appeal, the Commonwealth contends that the trial court erred in granting appellee's motion to suppress

since the officers lawfully pursued Olverson into 4239 North Hicks Street. Specifically, the Commonwealth argues that the officers were entitled to legally enter the 4239 North Hicks Street residence because there was an outstanding bench warrant for Olverson's arrest, there was reason to believe that the location was Olverson's residence, and that Olverson was currently inside. As a preliminary matter, we note that our scope of review from suppression orders is to determine whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are in error. *Commonwealth v. Chambers*, 528 Pa. 403, 405, 598 A.2d 539, 540 (1991). In addition, the Commonwealth bears the burden of establishing by a preponderance of the evidence that a search and seizure is valid under the Fourth Amendment, and that the evidence is therefore admissible. *Commonwealth v. Lewis*, 394 Pa.Super. 403, 405, 576 A.2d 63, 65 (1990).

In the case at bar, the Commonwealth presented no evidence that the alleged bench warrant was in effect at the time of the incident and arrest. Consequently, we will analyze this situation from the standpoint of a warrantless arrest. Our first order of business is to determine whether Officer Brown had probable cause to arrest Olverson. To be proper, a warrantless arrest must be supported by probable cause. *Commonwealth v. Merriwether*, 382 Pa.Super. 411, 418, 555 A.2d 906, 910 (1989). Probable cause to arrest an individual depends on whether, at the moment of arrest, the facts and circumstances would warrant a reasonable person in believing that the person arrested had or was committing an offense. *Id.* The uncontradicted evidence of appellant firmly demonstrates that Officer Brown was clearly aware of Olverson's identity since he was the arresting officer on a previous charge (less than three weeks prior) and was present at the time a bench warrant was issued for her failure to appear. Furthermore, Olverson fled when Officer Brown called out to her. Flight in itself is not adequate to form the basis for probable cause to arrest, but it may be sufficient when joined with other factors which support probable cause. *Common-*

*wealth v. Woodson,* 342 Pa.Super. 392, 395, 493 A.2d 78, 80 (1985). Admittedly, as the trial court points out, Olverson may have voluntarily turned herself in within the the previous three-week period. Officer Brown's knowledge, however, combined with Olverson's flight, were sufficient to establish probable cause.

 We must now address the question of whether these occurrences amount to exigent circumstances justifying the officer's subsequent entry into 4239 North Hicks Street. An arrest warrant is required to validly arrest an individual in his home unless exigent circumstances exist to justify the warrantless intrusion. *Commonwealth v. Williams,* 483 Pa. 293, 297, 396 A.2d 1177, 1179 (1978), *cert. denied,* 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980). When evaluating an issue of exigent circumstances, there are several factors which should be considered such as the gravity of the offense, a reasonable belief that the suspect is armed, a clear showing of probable cause, a reasonable belief that the suspect is within the premises sought to be entered, the likelihood that the suspect will escape, time of entry, and whether the entry was peaceful. *Id., Commonwealth v. Lopez,* 525 Pa. 185, 189, 579 A.2d 854, 856 (1990). With regard to the first and second factors of this analysis, a review of the record indicates that no evidence was presented establishing the gravity of the offense for which Olverson was wanted, nor the basis for a reasonable belief that Olverson was armed. The third and fourth factors have been satisfied since we have made a finding of probable cause as discussed above, and the record indicates Olverson was present on the premises. Next, we must determine if it was likely that Olverson would escape. Given Olverson's immediate flight and Officer Brown's consequent hot pursuit, we find that the circumstances presented a strong likelihood that Olverson would escape. Finally, although the time was reasonable, the entry was not peaceable since Officer Brown did not announce his entry and automatically broke the front door using his left shoulder. (N.T., 1/18/91 at 10–11.) Based on an evaluation of each of these relevant considerations, we find that the facts and legal conclusions of the trial court do

not support its finding of an absence of exigent circumstances.[2] Thus, we find that the trial court improperly suppressed the illegal drugs at issue.

Order reversed and remanded for further proceedings. Jurisdiction relinquished.

2. Since we find that the entry into appellant's residence was justified based on the presence of exigent circumstances, we conclude that the officers' subsequent plain view seizure of the illegal drugs was also proper. *See Commonwealth v. Daniels,* 406 Pa.Super. 112, 115, 593 A.2d 895, 897 (1991).