J-S64039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA C. HUMMEL | : | |
| | : | |
| Appellant | : | No. 1119 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 7, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001228-2017

BEFORE: BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED DECEMBER 19, 2019**

Joshua C. Hummel (Hummel) appeals from the judgment of sentence imposed by the Court of Common Pleas of Westmoreland County (trial court) after his jury conviction of persons not to possess firearms. Arguing that exigent circumstances did not exist to justify police officers' warrantless entry into his home, Hummel challenges the denial of his suppression motion. He also raises sufficiency and weight claims. After review, we affirm.

**I.**

On February 13, 2017, around 2:00 p.m., Officer Kenneth Sebastian of the Washington Township Police Department was on routine patrol in Apollo, Pennsylvania, when he saw Kayla Plummer standing outside of a trailer home.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Because he knew she had a bench warrant, Officer Sebastian stopped his cruiser. When she saw the officer, Plummer ran inside the trailer while Officer Sebastian yelled for her to stop. Waiting in front of the trailer, Officer Sebastian called for backup. Hummel then emerged from the trailer and told the officer to get off his property. Because of his aggressive manner, Officer Sebastian handcuffed Hummel and put him in the backseat of the cruiser. Once backup arrived, Officer Sebastian entered the trailer with another officer to look for Plummer. They did not find her but did find a .22 caliber rifle in a kitchen cabinet. Because he was disqualified from possessing a firearm, Hummel was arrested and charged with, among other offenses, persons not to possess firearms, 18 Pa.C.S. § 6105(a)(1).

Contending that the warrantless entry of his home was illegal, Hummel filed a pretrial motion to suppress the rifle. After holding a hearing in which Officer Sebastian was the only witness, the trial court denied the suppression motion by finding that there was exigent circumstances for the officers to enter the trailer without a warrant.

Hummel proceeded to a jury trial and was found guilty of the firearms offense.[1] After being sentenced to three years' probation, Hummel filed a post-sentence motion averring that he was entitled to a new trial because the

---

[1] The jury acquitted Hummel of Obstructing Administration of Law, 18 Pa.C.S. § 5101, and Hindering Apprehension, 18 Pa.C.S. § 5105(a)(1).

jury's verdict was against the weight of the evidence. The trial court denied that motion. Hummel now appeals to challenge the denial of his suppression motion as well as raise sufficiency and weight of evidence claims to his firearms conviction.

## II.

### A.

We first address Hummel's suppression claim.[2] In doing so, our review is "limited to the evidentiary record created at the suppression hearing." ***Commonwealth v. Neal***, 151 A.3d 1068, 1071 (Pa. Super. 2016) (citation omitted). At the hearing, the Commonwealth asked Officer Sebastian how he knew Plummer had a bench warrant. In response, he testified that a few weeks before February 13, 2017, Cambria County Probation informed his department that Plummer had an active bench warrant out of Cambria County and was possibly staying at the trailer home's address. Officer Sebastian had never seen Plummer before but knew what she looked like by viewing her Pennsylvania Justice Network (JNET) photo. He also testified that the bench warrant was for a probation violation on a misdemeanor theft case but did not know the reason for the warrant being issued.

---

[2] We review the denial of a suppression motion to determine whether the record supports the court's factual findings and whether the legal conclusions drawn from those facts are correct. ***See Commonwealth v. Duke***, 208 A.3d 465, 469 (Pa. Super. 2019) (citation omitted).

As for the search, Officer Sebastian related that he chose to wait for the other officers to arrive before entering the trailer. He believed, though, that about five minutes elapsed from when he first saw Plummer to when he entered the trailer with the other officer. The Commonwealth, however, did not ask him about his entry into the home, namely, whether the door was open or locked. Further, the officers found the rifle inside a kitchen cupboard that Officer Sebastian estimated was about four-and-a-half feet tall and two feet wide. Hummel did not testify at the hearing but his counsel offered to the court that Hummel's mother owned the trailer and had been letting him stay there for a couple weeks. The Commonwealth did not object to counsel's factual offer.[3] Last, neither party presented evidence that Plummer was staying or residing in the trailer.

Generally, both the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution require that before conducting a search of an individual or their property, the police must obtain a warrant that is supported by probable cause and issued by a neutral

---

[3] "A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy." **Commonwealth v. Maldonado**, 14 A.3d 907, 910 (Pa. Super. 2011). The trial court accepted that Hummel had standing to pursue a suppression motion under Pa.R.Crim.P. 581 based on his counsel's representation. We agree: Hummel was charged with a possessory offense, which established automatic standing, and had a reasonable expectation of privacy in the trailer since he had been living there for several weeks leading up to February 13, 2017.

magistrate. *See Commonwealth v. Arter*, 151 A.3d 149, 153 (Pa. 2016) (citation omitted). "Warrantless searches and seizures are therefore unreasonable *per se*, unless conducted pursuant to a specifically established and well-delineated exception to the warrant requirement." *Commonwealth v. Glass*, 200 A.3d 477, 483 (Pa. Super. 2018) (quotation omitted).

One recognized exception to the warrant requirement is when probable cause and exigent circumstances are present. "Absent probable cause and exigent circumstances, warrantless searches and seizures in a private home violate both the Fourth Amendment and Article 1[,] § 8 of the Pennsylvania Constitution." *See Commonwealth v. Bowmaster*, 101 A.3d 789, 792 (Pa. Super. 2014) (citation omitted).

In *Commonwealth v. Roland*, 637 A.2d 269 (Pa. 1994), our Supreme Court outlined the various factors to be considered when determining whether exigent circumstances exist, including:

> the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe that the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, i.e., whether it was made at night. These factors are to be balanced against one another in determining whether the warrantless intrusion was justified.

> Other factors may also be taken into account, such as whether there is hot pursuit of a fleeing felon, a likelihood that evidence will be destroyed if police take the time to obtain a warrant, or a danger to police or other persons inside or outside the dwelling.

*Id*. at 270-71. The Commonwealth bears a "heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests," and must present clear and convincing evidence to satisfy this burden. *Id*. at 271 (quoting *Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984)).

In its January 18, 2019 opinion and order denying suppression, the trial court recognized that several factors weighed in favor of Hummel, including that Plummer's arrest warrant was for a misdemeanor probation violation and there was no indication that she was armed. *See* Opinion and Order of Court, 1/18/19, at 5. We agree with the trial court's assessment of these factors. First, the gravity of the offense was relatively low, as the warrant for Plummer's arrest was merely for a probation violation of a misdemeanor offense. Nor was the hot pursuit of a fleeing felon involved. There is also no indication that Plummer was armed, as Officer Sebastian testified only to seeing her standing in front of the trailer then run inside the trailer. Further, because the purpose of the warrantless entry was to arrest Plummer on the misdemeanor bench warrant, it would be speculative to conclude that there was a likelihood that Plummer would destroy evidence inside the trailer if the police did not take the time to obtain a warrant.

Additionally, the Commonwealth asserts that the police did not break down the door to gain access to the trailer. However, Officer Sebastian testified only that he "entered" the trailer; the Commonwealth did not follow

up to clarify that the door was unlocked. *See* N.T., 12/13/18, at 8. While there is no evidence that the police forced the door in after detaining Hummel, this factor cannot be deemed to weigh in favor of the Commonwealth in the absence of positive evidence establishing that the entry was peaceful.

These factors aside, the balance of factors ultimately weighed in favor of the search being permissible. First, there was probable cause for Officer Sebastian to arrest Plummer as he had been informed of her bench warrant within the preceding weeks; he viewed her JNET picture to become familiar with what she looked like; and was only "15 to 20 yards" away from her when he saw her run into the trailer. *Id*. at 16. While this was not a case where police directly observed a crime being committed, there was still sufficient probable cause to apprehend Plummer on the bench warrant. Second, there was a strong reason to believe that Plummer was inside the trailer. Officer Sebastian saw her run inside and then remained posted in front of the trailer for five minutes before entering. Third, there was certainly a strong likelihood that Plummer would escape if not quickly apprehended, as she had already demonstrated an intention to avoid arrest by fleeing into the trailer. Finally, the entry was made during the daytime, which is less intrusive and favors finding the warrantless entry reasonable.[4]

---

[4] Hummel fails in his brief to address these factors or explain why they were outweighed by other factors. In fact, most of Hummel's two-and-a-half page argument is simply stating the blackletter law and standards for exigent

In *Commonwealth v. Johnsonna*, 616 A.2d 1376 (Pa. Super. 1992), we found in a case involving almost identical facts that exigent circumstances allowed the warrantless entry into a home. In that case, a police officer was on patrol when he saw a female whom he knew had an active bench warrant. When the officer got out of his cruiser and called out to the female, she immediately ran inside a nearby house. When the officer forced in the door and entered the house, he saw the defendant in the kitchen/dining room area with a clear plastic bag of narcotics. Under these circumstances, this Court found that exigent circumstances existed to allow the police officer's warrantless entry into the house and, therefore, view the defendant with the narcotics. Similar to *Johnsonna*, we conclude that the factors favored finding exigent circumstances and the trial court did not err in so concluding.

**B.**

We next address Hummel's claim that the Commonwealth presented insufficient evidence that he constructively possessed the rifle found in the home's kitchen.[5] Section 6105 of the Uniform Firearms Act (UFA) provides:

---

circumstances rather than providing an actual argument with any case law as to why the trial court erred in its suppression determination. The most Hummel offers in argument is baldly stating that "the Commonwealth did not demonstrate that the facts and circumstances surrounding Officer Sebastian's actions that day removed the need for a warrant to enter [Hummel's] residence in search of a non-resident fugitive." Brief for Hummel, at 15.

[5] Our standard of review when considering a challenge to the sufficiency of the evidence is:

**(a) Offense defined.--**

(1) A person who had been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

_____

[O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the factfinder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-37 (Pa. Super. 2019) (citation omitted).

When a defendant is not in actual possession of the recovered firearm, the Commonwealth must establish that the defendant had constructive possession to support the conviction. *See Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). This Court has stated:

> When contraband is not found on the defendant's person, the Commonwealth must establish "constructive possession," that is, the power to control the contraband and the intent to exercise that control. The fact that another person may also have control and access does not eliminate the defendant's constructive possession.... As with any other element of a crime, constructive possession may be proven by circumstantial evidence. The requisite knowledge and intent may be inferred from the totality of the circumstances.

*Commonwealth v. McClellan*, 178 A.3d 874, 878 (Pa. Super. 2018) (internal citations and quotation omitted). Constructive possession is, therefore, an inference that arises from a set of facts that possession of the contraband was more likely than not. *Id*. (citation omitted).

At trial, Officer Sebastian testified that as he was carrying the rifle out of the trailer, Hummel asked him where he was taking his rifle. Hummel also told the officer that he was allowed to possess the rifle but not handguns. N.T., 2/6/19, at 36. Another Washington Township police officer also testified to hearing Hummel make these statements about the rifle. *Id*. at 59. These admissions, when coupled with the recovery of the rifle from a common area accessible to anyone living in the trailer, would be sufficient for the jury to conclude that Hummel constructively possessed the rifle.

Hummel argues that these statements merely establish ownership of the rifle but not possession. He relies on his mother's testimony at trial that she bought the rifle for Hummel when he was young and took possession of it when she became aware he could not possess it. However, Hummel's statements, when viewed in the light most favorable to the Commonwealth as the verdict winner, establish that he was aware that the rifle was in the home in which he was residing and was readily accessible to him. The jury, as the determiner of credibility, was free to disbelieve the mother's testimony.

Citing **McClellan** for the proposition that forensic evidence must be introduced to establish possession, Hummel also points out that there was no such evidence introduced at trial that he physically possessed the rifle. **McClellan** supports no such proposition. There, the Commonwealth introduced DNA evidence linking the defendant to a gun found in the basement of a house in which he was living. In finding sufficient evidence, this Court found that the DNA "strongly implicated" the defendant as constructively possessing the gun; there was no suggestion that DNA or some other form of forensic evidence is ever required to establish constructive possession. **See McClellan**, 178 A.3d at 879-80. Accordingly, there was sufficient evidence to convict Hummel of the firearms offense.

**C.**

Finally, Hummel alleges that the jury's verdict was against the weight of the evidence. In its opinion denying his post-sentence motion, the trial

court stated that the uncontroverted trial evidence showed that Hummel lived alone at the trailer with his two children. Highlighting the testimony of his mother that she also lived at the trailer at the time, Hummel disputes the trial court's statement that his mother did not live at the trailer. He also disputes that he made admissions to the officers, asserting that it is unbelievable that he would have been removed from the backseat of the cruiser, which is when he was alleged to have made the admissions. We find neither argument to be convincing.[6]

Contrary to Hummel's first contention, it is not clear that his mother lived at the trailer on February 13, 2017. While she did testify that she lived there in February 2017, Hummel contradicted her by testifying that she had

_____

[6] The following principles apply to challenges to the weight of the evidence:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [fact-finder] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [fact-finder's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014) (citation omitted).

moved out that previous December. He also told one of the officers on the scene the same thing on the day of his arrest. Hummel, however, neither acknowledges nor attempts to reconcile this evidence. Moreover, even if his mother did reside in the trailer in February 2017, we fail to see the significance of this fact, since constructive possession merely requires that he had control and access to the rifle, not that the defendant have *sole* access.

Hummel's claim that it is unbelievable that he would have been removed from the cruiser also fails. At trial, Officer Sebastian testified that Hummel was outside of the police cruiser when he was coming out of the trailer. **Id**. at 35. Hummel alleges that this is unbelievable based on his previous antagonism toward Officer Sebastian. However, at the time, Hummel was not under arrest and, despite his antagonism, had not threatened violence of any sort. Thus, the trial court did not abuse its discretion in denying his post-sentence motion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/19/2019

- 13 -