COMMONWEALTH of Pennsylvania, Appellee,

v.

Christopher FENATI, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 22, 1999.
Filed May 27, 1999

Joel S. Sansone, Pittsburgh, for appellant.

William M. Panella, Asst. Dist. Atty., New Castle, for Commonwealth.

Before EAKIN, JOYCE, JJ., and HESTER, Senior Judge.

HESTER, Senior Judge:

¶ 1 Appellant, Christopher Fenati, contends that PCRA relief improperly was denied to him in the court's February 6, 1998 order. We affirm.

¶ 2 Appellant was convicted of second degree murder, kidnapping, and conspiracy in 1988 based on the following events:

On the night the crimes occurred, Appellant was staying at a motel in Shenango Township with two women, Marci Kennedy and Sheila Jackson. All three were smoking crack cocaine when Ms. Jackson received a telephone call from one Catherine Bell who lived in Crestview Gardens in·New Castle, Lawrence County. Catherine Bell telephoned because a man named Joseph Supples had been knocking on doors in Crestview Gardens looking for Ms. Jackson. As a result of this telephone call, Appellant along with Ms. Kennedy and Ms. Jackson left for Crestview Gardens in Appellant's car.

When the trio arrived in Crestview Gardens, they and several other friends who lived in the · apartment complex, confronted Joseph Supples. Mr. Supples spoke with Ms. Jackson privately and insisted that he knew her, while Ms. Jackson denied this. After much discussion, Mr. Supples was ordered off the premises by the assembled group.

Mr. Supples left Crestview Gardens on foot, and shortly thereafter Appellant followed in his car containing Ms. Jackson, Ms. Kennedy, and another friend, Marsha Scaggs. · As Appellant's car passed Mr. Supples, they offered to drive him. to an all-night market. The car's occupants were concerned that Mr. Supples was a police informant who was attempting to buy from Ms. Jackson who supplied cocaine to Appellant. For this reason, they searched his clothing for hidden taping devices, wires, or other evidence of his complicity with the police. Finding no such evidence, Appellant and Ms. Scaggs took Mr. Supples to a playground in the vicinity of New Castle where. they held him at gunpoint while Ms. Jackson and Ms. Kennedy left in Appellant's car to check on Mr. Supples' story.

After finding that they could not confirm Mr. Supples' story, Ms. Jackson and Ms. Kennedy returned to the playground, and all five people including Appellant and Mr. Supples returned to the car. The group then drove to a secluded location where Mr. Supples was or-

dered out of the car and shot in the head at close range. The remaining four then left the scene of the murder.

Superior Court Memorandum, 2/28/90, at 1–2. Appellant was sentenced to life imprisonment on the murder conviction, a concurrent five-to-ten-year-term of imprisonment on kidnapping, and a consecutive two-to-four-year-term of imprisonment on the conspiracy conviction. We affirmed on February 28, 1990, *Commonwealth v. Fenati*, 400 Pa.Super. 617, 576 A.2d 1132 (1990) (unpublished memorandum), and our Supreme Court denied Appellant's petition for allowance of appeal on October 10, 1990.

¶ 3 On January 16, 1997, Appellant filed his first PCRA petition. In his petition, Appellant maintained that he received ineffective assistance of counsel since counsel did not make him aware of a plea bargain offered by the Commonwealth that would have permitted Appellant to plead guilty to third degree murder. On appeal, Appellant's argument differs. He alleges counsel was ineffective for failing to accept a plea bargain that Appellant directed counsel to accept. Appellant's trial counsel is deceased. After a hearing, the PCRA court determined that there was no credible evidence that Appellant was offered a plea bargain. It denied relief, and this appeal followed.

█ ¶ 4 Initially, we must consider whether Appellant's PCRA petition was timely. Pertinent to this determination are amendments to the PCRA enacted November 17, 1995, and made effective sixty days later, on January 16, 1996. 42 Pa. C.S.A. § 9545 now provides that a PCRA petition is not timely unless it is filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Appellant's judg-

ment of sentence became final ninety days after our Supreme Court refused to review our decision affirming the judgment of sentence on direct appeal or in 1991. 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review). Clearly, this petition was not filed within one year of 1991.

█ ¶ 5 In a section of the act amending the PCRA, the legislature provided that where, as here, a defendant's judgment of sentence became final before the effective date of the amendments, his first PCRA petition will be considered timely if it is filed *within* one year of the effective date of the amendments. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1) § 3(1). This petition was Appellant's first post-conviction petition, but it was not timely since it was not filed *within* one year of January 16, 1996; it was filed one day late, on January 16, 1997.[1]

█ ¶ 6 Appellant *claims* that the petition was filed on January 15, 1997; however, he is incorrect. The petition was received by the Prothonotary of Lawrence County on January 16, 1997, and it was docketed and filed that same day. There is a cover letter and envelope in the record that indicates that on January 15, 1997, the petition was *mailed* from Pittsburgh from counsel's law office. Mailing is not the equivalent of filing. Furthermore, this petition was a *counseled* petition, not one mailed from prison by a defendant. Appellant provides absolutely no support for his position that a document is filed by an attorney when the attorney places it in the mail. *Compare Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997); *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 683 A.2d 278 (1996); *Commonwealth v. Little*, 716 A.2d 1287

---

1. "Year" is defined in the Statutory Construction Act as "[a] calendar year." 1 Pa.C.S.A. § 1991. In *Habecker v. Nationwide Ins. Co.*, 299 Pa.Super. 463, 445 A.2d 1222, 1227 (1982), we stated, "The term 'calendar year,' unlike the term 'year,' unambiguously denotes a continuous 365 days stretch of time. 'A calendar year' is not an aggregate, but a single span of time beginning on a specific date and ending 365 days later." Since 1996 was a leap year, the 365th day measured from January 16, 1996, was January 15, 1997.

(Pa.Super.1998); *Commonwealth v. Cooper*, 710 A.2d 76 (Pa.Super.1998) (collectively applying a mailbox rule for filing purposes if the litigant is proceeding *pro se* and is *incarcerated*).

¶ 7 We note that the filing requirements of 42 Pa.C.S.A. § 9545 are jurisdictional and may not be ignored. *See Commonwealth v. Blystone*, 555 Pa. 565, 725 A.2d 1197 (1999); *Commonwealth v. Cross*, 555 Pa. 603, 726 A.2d 333 (1999). Herein, the statute is clear that the petition must be filed, as opposed to mailed, *within* one year of January 16, 1996. This petition was not filed by January 15, 1997, and is not timely under section 9545.

¶ 8 Even though the petition was late, it will be considered timely under the PCRA if it falls within the following exceptions to the one-year filing requirement:

Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

¶ 9 Herein, Appellant contended in his PCRA petition that trial counsel failed to convey to him the terms of a plea bargain offered by the Commonwealth.[2] Thus, the issue of discovery of the facts forming the basis for PCRA relief are intertwined with the timeliness issue in this case. Certainly, if Appellant had no knowledge that a plea bargain was offered and later discovered that one had been, the petition could be considered timely.

¶ 10 Thus, we briefly examine the evidence produced at the PCRA hearing. Appellant's father, Michael Fenati, testified. Mr. Fenati stated that on the night of Appellant's arrest, defense counsel told him that the district attorney had offered a plea bargain and that Appellant would be permitted to plead guilty to third degree murder. Defense counsel felt that Appellant could be acquitted at trial and advised against acceptance of the plea bargain.

¶ 11 Mr. Fenati further testified that during jury selection, defense counsel told him that the Commonwealth had offered Appellant an open plea of guilt to conspiracy but that counsel again advised against accepting that plea. Counsel believed that he would be able to obtain an acquittal. Mr. Fenati also testified that defense counsel discussed the offer with Appellant. Mr. Fenati therefore never suggested that potential plea bargains were not conveyed to him and his son; rather, his position was that defense counsel was ineffective for not advising them to accept the plea bargains. N.T., 5/29/97, at 53.

¶ 12 One of the prosecuting attorneys at Appellant's trial indicated that on the night of his arrest, Appellant was offered a plea bargain in exchange for his cooperation in the case. Appellant categorically refused to cooperate in the police investigation. Similarly, the other assistant district attorney who handled Appellant's trial stated that while there were vague plea

---

**2.** As noted, Appellant's allegations on appeal are different. Since the evidence adduced at the PCRA hearing established conclusively that any plea bargains *were* conveyed to and discussed with Appellant, he now suggests that he specifically instructed his attorney to accept the plea bargain, and his attorney, who now is deceased, refused to do so.

negotiations, Appellant, maintaining that he was innocent because he did not "do anything," refused to even consider a plea bargain. *Id.* at 163.

¶ 13 One of defense counsel's legal associates testified that a plea bargain was discussed by defense counsel. Specifically, the witness testified that Appellant's trial counsel mentioned to him that there had been "talk of a plea bargain to third degree," that Appellant had refused to accept it, and that defense counsel had recommended against Appellant accepting the plea bargain. *Id.* at 146.

¶ 14 Finally, Appellant testified. He acknowledged that counsel communicated a plea bargain to him the night that Appellant was arrested, *id.* at 198, and that during jury selection, defense counsel informed him that he had been offered a plea to kidnapping. Appellant maintained that while he wanted to accept the plea bargains offered, defense counsel advised him not to do so.

¶ 15 Thus, it is abundantly clear from the record that Appellant had possession of the facts relevant to his present PCRA petition in 1988, when defense counsel allegedly ineffectively advised him not to accept the plea bargains offered. Hence, his petition is not timely. *Commonwealth v. Cross, supra.*

¶ 16 Order affirmed.