J-S74043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HADDRICK BYRD | |
| Appellant | No. 849 EDA 2016 |

Appeal from the PCRA Order March 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1114802-1974

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                **FILED OCTOBER 31, 2016**

Haddrick Byrd (Appellant) appeals from the March 4, 2016 order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a jury trial in September of 1976, Appellant was found guilty of robbery, possessing an instrument of crime, four counts of aggravated assault, and five counts of simple assault.[1]  Appellant had robbed a Miles-David clothing store at 639 South Street in Philadelphia.  Appellant was sentenced to thirty-three and one-half to sixty-seven years' incarceration. Appellant's post-sentence motions were denied.

---

[1] Respectively, **see** 18 Pa.C.S. §§ 3701, 907, 2702, and 2701.  Appellant is also serving a life sentence for an unrelated case.

*Former Justice specially assigned to the Superior Court.

We reversed Appellant's judgment of sentence on direct appeal, finding a violation of his right to a speedy trial under former Pa.R.Crim.P. 1100.[2] **Commonwealth v. Byrd**, 378 A.2d 921 (Pa. Super. 1977). Our Supreme Court reversed and remanded for an evidentiary hearing. **Commonwealth v. Byrd**, 425 A.2d 722 (Pa. 1981). On remand, the trial court found no violation of Rule 1100, and we affirmed on March 18, 1987. **Commonwealth v. Byrd**, 526 A.2d 811 (Pa. Super. 1987). Appellant's petition for *allocatur* was denied on October 19, 1987. **Commonwealth v. Byrd**, 535 A.2d 81 (Pa. 1987) (table). Appellant did not petition the United States Supreme Court for review.

On October 18, 1994, Appellant *pro se* filed his first petition for relief under the PCRA alleging, *inter alia*, that the trial court lacked subject-matter jurisdiction because the charges against him were dismissed prior to trial. Newly appointed counsel reviewed the record and filed a "no merit'' letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super 1988). After an independent review of the record, the PCRA court dismissed the petition without hearing. We affirmed on March 19, 1996, save vacating his one- and two-year sentences for simple assault. **Commonwealth v. Byrd**, 678 A.2d 824 (Pa. Super. 1996). Appellant did not seek *allocatur*.

---

[2] **See** Pa.R.Crim.P. 600 credits ("renumbered Rule 600 and amended March 1, 200, effective April 1, 2001.").

In the matter instantly before this Court, Appellant *pro se* filed a petition for writ of habeas corpus on February 4, 2014, asserting that he was being illegally held because the charges against him were dismissed prior to trial.[3]    That same day, Appellant's petition was transferred to the Philadelphia Criminal Trial Division.[4]    The Honorable Jeffrey P. Minehart concluded Appellant's claims were cognizable under the PCRA and untimely filed.[5]  On August 21, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  Appellant filed a timely response.

In March of 2016, the court dismissed Appellant's petition as untimely by order and opinion and noted that the issues therein were previously

---

[3] The lower court criminal docket reflects the filing date of February 4, 2014, however a civil docket report within the certified record notes January 17, 2014 as the original filing date.

[4] Appellant subsequently filed a second habeas corpus petition on January 16, 2015, which was also transferred to the Philadelphia Criminal Trial Division on February 3, 2015.

[5] A review of this Court's database reveals the instant PCRA petition may be Appellant's third, as his second was internally docketed at No. 880 Philadelphia 1997.  In said appeal, styled as a writ of habeas corpus, Appellant raised the constitutionality of his imprisonment given that a grand jury did not indict him.  In our memorandum of April 27, 1998, we concluded the appeal was properly treated as a PCRA, and affirmed the dismissal of his PCRA as previously litigated.  For reasons unknown to this court, the 880 Philadelphia 1997 disposition does not appear in the instant record of our court nor the record of the lower court.  Whether or not this is Appellant's second or third PCRA petition is of no moment in our instant disposition.

litigated. Appellant timely appealed *pro se* and filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant presents the following questions for our review:

1. Did the PCRA court commit error and abuse its discretion in treating Appellant's habeas corpus petition under 42 Pa.C.S.A. §§ 6501-6505 as a petition under the PCRA 42 Pa.C.S.A. §§ 9541-9546 and dismissing it as untimely filed without an evidentiary hearing when the claims raised are not cognizable under the PCRA?

2. Did the PCRA court commit error and abuse its discretion in failing to address whether the district attorney's office perpetrated a fraud on the court in proceeding to trial against the Appellant while knowing the charges were dismissed and thus the trial court lacked statutory and constitutional authority to proceed in this case and impose a void judgement/sentence and commitment order in violation of due process?

Appellant's Brief at viii.

In his first issue, Appellant contends the PCRA court erred when it reviewed his petition for writ of habeas corpus under the PCRA. Appellant's Brief at 3-7. Appellant's contention is incorrect.

The PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose…, including habeas corpus." 42 Pa.C.S. § 9542. Both the PCRA and the state habeas corpus statute contemplate that the PCRA subsumes the writ of habeas corpus in circumstances where the PCRA provides a remedy for the claim. ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998).

Here, Appellant challenges the legality of his sentence. Such a claim is cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9542 (providing that "persons

- 4 -

serving illegal sentences" may obtain relief under the PCRA); **see also Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA."). Additionally, the PCRA specifically provides relief for individuals serving sentences resulting from constitutional violations and sentences imposed by courts without jurisdiction. 42 Pa.C.S § 9543(a)(2)(i), (viii).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)). Because the PCRA provides a remedy for Appellant's claims, the lower court was correct in treating the petition as a request for relief under the PCRA.

We must next address the PCRA timeliness requirements. The timeliness of Appellant's petition implicates jurisdiction and may not be altered or disregarded in order to address the merits of his claim. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. **Id**. A judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review. 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant's judgement of sentence was affirmed on March 18, 1987, and our Supreme Court denied *allocator* on October 19, 1987. Appellant had ninety days to seek *certiorari* in the United States Supreme Court after the Pennsylvania Supreme Court denied *allocatur*. Sup. Ct. R. 13. Thus, his sentence became final on January 17, 1988.[6] 42 Pa.C.S. §9545(b)(3). The instant PCRA was filed on January 17, 2014, more than twenty-six years after his judgment of sentence became final. The Appellant's petition is patently untimely, and for this Court to have jurisdiction to review the merits of Appellant's claims, he must prove the applicability of one of the exceptions to the timeliness requirement.

There are three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[6] We note that Appellant's judgment of sentence became final prior to the amendments to the PCRA enacted November 17, 1995, however this has no bearing on the instant analysis, as the instant petition is not Appellant's first. ***Commonwealth v. Fenati***, 732 A.2d 625, 627 (Pa. Super. 1999) (where a defendant's judgment of sentence became final before the effective date of the amendments, his first PCRA petition will be considered timely if it is filed within one year of the effective date of the amendments [January 16, 1996]); Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1) § 3(1).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Appellant has the burden of proving an exception to the time bar. *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008). In addition, a petition seeking relief pursuant to a statutory exception must adhere to the additional requirement of filing the claim within 60 days of the date the claim could have been first presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's petition does not plead or prove an exception to the timeliness requirement. Consequently, the PCRA court did not have jurisdiction to review the merits of Appellant's claims. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. Super. 1999) ("Although the legality of a sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto."). Thus, we affirm the PCRA court's denial of Appellant's untimely PCRA petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2016