J-S61021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY CALHOUN | : | |
| | : | No. 423 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 5, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0827062-1985

BEFORE:   LAZARUS, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED OCTOBER 31, 2017**

Appellant, Troy Calhoun, *pro se* appeals from the December 5, 2016 order dismissing, as untimely, his serial petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In September 1986, following a jury trial, Appellant was found guilty of second degree murder, conspiracy, and robbery.[1]  In June 1987, Appellant was sentenced to a term of life imprisonment plus five to ten years of state incarceration for the remaining offenses.

Appellant timely filed a direct appeal, which was dismissed for failure to file a brief.  In September 1988, Appellant filed a petition for relief, and his appellate rights were reinstated *nunc pro tunc*.  In December 1991, this Court affirmed Appellant's judgment of sentence.  ***Commonwealth v.***

_____

[1] 18 Pa.C.S. §§ 2502(c), 903, and 3701, respectively.

* Retired Senior Judge assigned to the Superior Court.

*Calhoun*, 762 PHL 1991 (filed 12/30/1991). Appellant did not appeal to the Supreme Court of Pennsylvania.

On August 27, 2012, Appellant *pro se* filed the instant petition, seeking relief based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (finding mandatory life sentences for juvenile offenders to violate the Eighth Amendment) and claims of counsel's ineffectiveness.[2] Appellant filed a series of amendments and supplements to this petition. The court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, to which Appellant filed a response. Following a review of the pleadings and Appellant's response to the notice of intent to dismiss, on December 5, 2016, the PCRA court dismissed Appellant's petition as untimely.

Appellant timely appealed.[3] The PCRA court did not issue an order pursuant to Pa.R.A.P. 1925(b); however, the court did issue an opinion pursuant to Pa.R.A.P. 1925(a).

---

[2] This is Appellant's seventh petition. All of Appellant's previous petitions were dismissed as meritless or untimely. Although a first PCRA petition which merely reinstates appellate rights *nunc pro tunc* should not be considered a prior PCRA petition under the Act, this Court determined that where Appellant's September 1988 petition sought collateral relief in addition to the reinstatement of his appellate rights and these additional clams were reviewed by both the trial court and this Court, that Appellant's September 1988 petition should be considered his first PCRA petition. *Commonwealth v. Troy Calhoun*, 736 a.2d 4, at *2-3 (Pa. Super. 1998) (citing *Commonwealth v. Lewis*, 718 A.2d 1262 (Pa. Super. 1998), *appeal denied*, 737 A.2d 1224 (Pa. 1999)). *Id*.

[3] The PCRA court noted in its opinion that it treated Appellant's appeal as timely filed since "Appellant did not receive notice of the dismissal of his petition until December 28, 2016" due to clerical error. PCRA Opinion,

Appellant raises the following issues for our review:

1. Whether the unconstitutionality announced in **Miller v. Alabama** [132 S. Ct. 2455 (2012)], in relation to Pennsylvania Statute 18 Pa.C.S.[] § 1102 continues to violate [Appellant's] due process rights under the Eighth Amendment?

2. New scientific evidence on the age of the defendant.

3. Whether the Commonwealth violated [Appellant's] Eighth Amendment right[s] when they severed the 18 Pa.C.S. § 1102 statute herein?

4. The Commonwealth of Pennsylvania utilizes unconstitutional practices in several areas of law,[ ]that circumvents statutory authorization of statutes and rules of law.

5. Equal protection rights under the [Fourteenth] Amendment.

6. All prior counsel were constitutionally ineffective for failing to pursue these claims.

Appellant's Brief at 3 (some formatting added).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and are free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

_____

2/27/2017, at 4 n.1. Appellant filed the appeal within thirty days of the notice. **Id**.

Initially, we must address the PCRA timeliness requirements. The timeliness of Appellant's petition implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***Id***. There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's petition is untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA.[4] Appellant seeks relief

_____

[4] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on January 29, 1992, at the expiration of his thirty days to file an appeal to our Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (a judgment

- 4 -

based on **Miller**, which held that mandatory life sentences imposed on juvenile offenders violates the Eighth Amendment's prohibition on "'cruel and unusual punishments.'" **Miller** 132 S. Ct. at 2460. In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the U.S. Supreme Court determined that **Miller** announced a new substantive rule that applied retroactively. **Montgomery**, 136 S. Ct. 718. Appellant filed his petition within 60 days of the **Montgomery** decision; however, the precedent is inapplicable to Appellant as he concedes that he was twenty-four at the time of commission of the underlying crimes. Appellant's Brief at 10. As this Court noted in **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016), the constitutional rule rendering mandatory sentences of life imprisonment without possibility of parole on juveniles unconstitutional applies only to those defendants who were under eighteen when offenses were committed.

---

of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113. Appellant filed the instant petition more than twenty years later. We note further that Appellant's judgment of sentence became final prior to the amendments to the PCRA enacted November 17, 1995; however, this has no bearing on the instant analysis, as the instant petition is not Appellant's first. **Commonwealth v. Fenati**, 732 A.2d 625, 627 (Pa. Super. 1999) (where a defendant's judgment of sentence became final before the effective date of the amendments, his first PCRA petition will be considered timely if it is filed within one year of the effective date of the amendments [January 16, 1996]); Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1) § 3(1).

Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims, and properly dismissed his petition. ***See Ragan***, 932 A.2d at 1170.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/31/2017</u>