J-S69027-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DALE MADDEN-EL | : | |
| | : | No. 609 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order March 15, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005127-1980

BEFORE: BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY RANSOM, J.: FILED JANUARY 12, 2018

Appellant, Dale Madden-El, pro se appeals from the March 15, 2017 order dismissing, as untimely, his serial petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

Following a jury trial, Appellant was found guilty of first-degree murder.[1] In July 1981, Appellant was sentenced to a term of life imprisonment.

Appellant timely filed a direct appeal, and this Court vacated his sentence and remanded the matter for an evidentiary hearing on trial counsel's effectiveness. Commonwealth v. Madden, 474 A.2d 690 (Pa. Super. 1984) (unpublished memorandum). Upon conducting the evidentiary hearing, the trial court determined that counsel was not ineffective, and reimposed Appellant's sentence of life imprisonment. Appellant again

_____

[1] 18 Pa.C.S. § 2502(a).

* Former Justice specially assigned to the Superior Court.

appealed, and this Court affirmed his judgment of sentence on December 20, 1985. Commonwealth v. Madden, 506 A.2d 1337 (pa. Super. 1985) (unpublished memorandum). Appellant did not appeal to the Supreme Court of Pennsylvania.

On February 20, 1987, Appellant pro se filed his first PCRA petition, which was dismissed on October 20, 1988. On September 25, 1989, this Court affirmed the dismissal. Commonwealth v. Madden, 569 A.2d 1384 (Pa. Super. 1989) (unpublished memorandum). Appellant's petition for allocatur was denied. Commonwealth v. Madden, 584 A.2d 314 (Pa. 1990) (table).

On March 18, 2016, Appellant pro se filed the instant petition, seeking relief based on Miller v. Alabama, 132 S. Ct. 2455 (2012) (finding mandatory life sentences for juvenile offenders to violate the Eighth Amendment). Newly appointed counsel reviewed the record and filed a no merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super 1988). On February 14, 2017, after reviewing the record and PCRA counsel's no merit letter, the PCRA court issued an order (1) permitting counsel to withdraw, (2) notifying Appellant that he was no longer entitled to appointed counsel, and (3) advising Appellant how he may proceed with his petition. See Order of Court, 2/14/2017. This order did not comply with Pa.R.Crim.P. 907, as it did not give notice of the court's intent to dismiss the PCRA petition or state the reason for its dismissal. See Pa.R.Crim.P. 907(1). Appellant filed a response. On March 15, 2017, the

PCRA court dismissed Appellant's petition without a hearing and characterized its February 14, 2017 order as a notice of intent to dismiss. Appellant filed a motion for reconsideration of the dismissal on March 30, 2017, to which the court took no action.

Appellant timely[2] pro se appealed the dismissal of his PCRA petition and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

Appellant raises the following issues for our review:

1. DID THE PCRA COURT ERR AS A MATTER OF LAW WHEN IT DISMISSED THE PCRA PETITION?

2. DID THE COURT BELOW HAVE JURISDICTION OVER THE MATTER UNDER 42 PA.C.S. § 6502, PENNSYLVANIA RULES OF CRIMINAL PROCEDURE RULE 108, AND 42 PA.C.S. § 931?

3. DOES THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROHIBIT THE SENTENCE OF MANDATORY LIFE WITHOUT PAROLE FOR INDIVIDUALS OVER THE AGE OF 17 BUT BELOW AGE 25?

4. DOES THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROHIBIT THE SENTENCE OF MANDATORY LIFE WITHOUT PAROLE FOR ADULTS CONVICTED OF MURDER?

_____

[2] Appellant's notice of appeal was docketed as filed by this Court on April 20, 2017, beyond the 30-day window to appeal the dismissal of his petition. See Pa.R.A.P. 903(b). However, the instant appeal is timely as Appellant is incarcerated and the envelope attached to his notice of appeal is postmarked for April 7, 2017. See Commonwealth v. Jones, 700 A.2d 423, 426 (Pa. 1997) (An appeal by a pro se prisoner is deemed filed on the date the he deposits the appeal with prison authorities or places is it in the mailbox, even though appeal is actually received by the court after the deadline for filing an appeal).

5. DOES THE FOURTEENTH AMENDMENT TO EQUAL PROTECTION CLAUSE PROHIBIT THE SENTENCE OF MANDATORY LIFE WITHOUT PAROLE FOR PERSONS CONVICTED OF MURDER IN THE COMMONWEALTH OF PENNSYLVANIA?

Appellant's Brief at 5 (some formatting added).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and are free of legal error. Commonwealth v. Ragan, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. Commonwealth v. Brown, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing Commonwealth v. Anderson, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Initially, we must address the PCRA timeliness requirements. The timeliness of Appellant's petition implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. Id. There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

>     (iii) the right asserted is a constitutional right that was recognized
>     by the Supreme Court of the United States or the Supreme Court
>     of Pennsylvania after the time period provided in this section and
>     has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's petition is untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA.[3] Appellant seeks relief based on Miller, which held that mandatory life sentences imposed on juvenile offenders violates the Eighth Amendment's prohibition on "'cruel and unusual punishments.'" Miller 132 S. Ct. at 2460. In Montgomery v. Louisiana, 136 S. Ct. 718 (2016), the U.S. Supreme Court determined that Miller announced a new substantive rule that applied retroactively. Montgomery, 136 S. Ct. 718. Appellant filed his petition within 60 days of the Montgomery decision; however, the precedent is inapplicable to Appellant as he concedes

_____

[3] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on January 19, 1986, at the expiration of his thirty days to file an appeal to our Supreme Court. See 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113. Appellant filed the instant petition more than nineteen years later. We note further that Appellant's judgment of sentence became final prior to the amendments to the PCRA enacted November 17, 1995; however, this has no bearing on the instant analysis, as the instant petition is not Appellant's first. Commonwealth v. Fenati, 732 A.2d 625, 627 (Pa. Super. 1999) (where a defendant's judgment of sentence became final before the effective date of the amendments, his first PCRA petition will be considered timely if it is filed within one year of the effective date of the amendments [January 16, 1996]); Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1) § 3(1).

that he was twenty-four at the time of commission of the underlying crimes. Appellant's Brief at 13. As this Court noted in Commonwealth v. Furgess, 149 A.3d 90, 94 (Pa. Super. 2016), the constitutional rule rendering mandatory sentences of life imprisonment without possibility of parole on juveniles unconstitutional applies only to those defendants who were under eighteen when offenses were committed.

Additionally, Appellant correctly asserts that the PCRA court failed to comply with Pa.R.Crim.P. 907, and has preserved the claim for review. "However, 'our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error.'" Commonwealth v. Lawson, 90 A.3d 1, 5 (Pa. Super. 2014) (quoting Commonwealth v. Davis, 916 A.2d 1206, 1208 (Pa. Super. 2007)). Accordingly, the PCRA court's failure to provide the requisite Rule 907 notice does not entitle Appellant to relief.

Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claims and properly dismissed his petition. See Ragan, 932 A.2d at 1170.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2018